WEYDA, Appellant,

v.

PACIFIC EMPLOYER'S INSURANCE COMPANY, Appellee; Blackwell et al.

[Cite as *Weyda v. Pacific Employer's Ins. Co.*, 151 Ohio App.3d 678, 2003-Ohio-443.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–020410.

Decided Jan. 31, 2003.

O'Connor, Acciani & Levy and Dennis C. Mahoney, for appellant.

Schroeder, Maundrell, Barbiere & Powers and Jay D. Patton, for appellee.

PAINTER, Judge.

{¶ 1}   Into the abyss created by *Scott–Pontzer*[1] we wade.   We rely on the plain language of the insurance policy in question and find no coverage, so we affirm the trial court's grant of summary judgment.

{¶ 2}   On August 2 1999, the motorcycles operated by Steven B. Blackwell and appellant, Eric Weyda, collided, causing Weyda personal injuries.   Weyda sued Blackwell and sought damages from Blackwell and various insurers, including appellee, Pacific Employer's Insurance Company.   Weyda claimed that he was entitled to recover benefits from the uninsured-motorist provision of the business automobile policy Pacific had provided Weyda's employer, Best Buy Co., Inc. The policy in effect at the time of the collision was a renewal policy for the period from July 1, 1999, to July 1, 2000.

{¶ 3}   Pacific and Weyda stipulated that, at the time of the collision, Weyda was operating a motorcycle owned by him and was not acting in the scope of his employment.   Pacific moved for summary judgment.   After the trial court granted summary judgment in favor of Pacific, Weyda dismissed, without prejudice, his claims against the remaining defendants.

{¶ 4}   On appeal, Weyda asserts in his sole assignment of error that the trial court erred by concluding that because Weyda was not operating a "covered auto," he was precluded from receiving compensation under Pacific's uninsured-motorist coverage.   Under Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.[2]   We review the trial court's grant of summary judgment de novo.[3]

{¶ 5}   Weyda argues that the policy exclusion Pacific relied on to deny coverage did not comply with the applicable version of R.C. 3937.18.   We begin

---

1.   *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116.

2.   See *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201.

3.   See *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243.

our analysis by noting that the version of R.C. 3937.18, as enacted by Am.Sub. H.B. No. 261, effective September 3, 1997, applied to this case because both the original policy and the renewal policy were issued after the enactment of Am.Sub.H.B. No. 261, but before the effective date of any subsequent amendments to R.C. 3937.18.[4]

{¶ 6}   The pertinent version of R.C. 3937.18 states that underinsured- or uninsured-motorist coverage "may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances: (1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured or underinsured motorist coverages are provided[.]"

{¶ 7}   Pacific's policy defined "you" as the "Named Insured shown in the Declarations."   Endorsement 103, which provided for "Ohio Uninsured Motorists Coverage–Bodily Injury" for " 'a covered "auto" licensed or principally garaged in, or "garaged operations" conducted in Ohio,' " identified "you" under "who is an insured."   While it failed to define "you," it referred to the provisions of the coverage form, unless modified by the endorsement.   The declarations and endorsement stated that the named insured was Best Buy Co., Inc.

{¶ 8}   The uninsured-motorists endorsement stated that the insurer would pay " 'all sums the "insured" is legally entitled to recover as compensatory damages from the owner or operator of:  (a) An "uninsured motor vehicle" as defined in Paragraphs **F.3.a., b.,** and **c.** because of "bodily injury":  (1) Sustained by the "insured";  and (2) Caused by an "accident." ' "

{¶ 9}   The exclusion found in the uninsured-motorist endorsement stated, in part, that the insurance did not apply to " 'Bodily Injury' sustained by:  (a) You while 'occupying' or when struck by any vehicle owned by you that is not a covered 'auto' for Uninsured Motorists Coverage under this Coverage Form[.]' " This is known in insurance parlance as the "other-owned-vehicle" exclusion.

{¶ 10}   The uninsured-motorist endorsement stated that it provided coverage only to covered "autos."   A covered auto for purposes of uninsured- or underinsured-motorist coverage was designated by the symbol "2." The symbol "2" constituted " 'owned "autos" only.' "   " 'Owned "autos" only' " was defined by the

---

4.   See *Ross v. Farmer's Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, 695 N.E.2d 732, syllabus. Accord *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, paragraph two of the syllabus.

policy as " 'Only those "autos" you own * * *.' " "Auto" was defined as "a land motor vehicle * * *."

{¶ 11}   The policy also provided for a "schedule of covered autos you own" and indicated that a schedule was on file with "Company."   Best Buy provided a list of vehicles it owned as part of the effective rate specifications both when it purchased and when it renewed the policy.   Best Buy was required to maintain a record of autos it owned and to provide the list to Pacific at times set forth in the policy.   Pacific was not provided information concerning Weyda's motorcycle.

{¶ 12}   Neither party disputes that Weyda was an insured.   Weyda, however, argues that the other-owned-vehicle exclusion in the policy failed to comply with R.C. 3937.18(J) and was, thus, unenforceable.   Weyda argues that the statute allows exclusion only for noncovered autos owned by a named insured, and that because he was not a "named insured," the exclusion could not be enforced.   He also argues that because Pacific's endorsement did not require him to be occupying a covered auto under "who is an insured," as it did for anyone else other than an insured or family member, he was covered irrespective of what vehicle he was operating.

{¶ 13}   Pacific argues that its exclusion complied with R.C. 3937.18(J) because "you" and "named insured" were synonymous as defined by the policy and by *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.*[5] Both included employees.   Pacific also argues that the other-owned-vehicles exclusion excluded Weyda from coverage when he was occupying a vehicle owned by him that was not a covered auto under the coverage form.   Best Buy was required to specifically list vehicles it owned for coverage under that form.   Thus, according to Pacific, because Weyda's motorcycle was not listed in Best Buy's coverage form, Weyda was excluded from coverage.

{¶ 14}   The Ohio Supreme Court determined in *Scott–Pontzer*[6] that "you," when defined as the "named insured shown in the declarations" in an auto insurance policy, was ambiguous.   It concluded that when the named insured was a corporation and no individuals were listed as named insureds, the term "you" necessarily referred to employees of the corporation because a corporation can act only through live persons.

{¶ 15}   The other-owned-vehicle exclusion in Pacific's policy required that the vehicle be owned by "you."   The policy defined "you" as the named insured throughout.   *Scott–Pontzer* has interpreted "you" to mean an employee.   Thus, we conclude that because "you" and "named insured" as used in the policy were

---

**5.**   *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.,* supra.

**6.**   Id.

synonymous, the exclusion in R.C. 3937.18(J) was enforceable for noncovered autos owned by an employee.[7]

{¶ 16} There was no uninsured-motorist coverage for bodily injury sustained by Weyda when he was occupying a vehicle that was not a covered vehicle. We have reviewed the policy, including its schedule of forms and endorsements and its declarations, and the affidavit of Robert Garcia, the underwriting manager at the Chicago office of ACE USA. (Pacific is one of the insurance companies in the group.) Garcia's affidavit stated that, as part of its negotiations for the issuance and renewal of the policy and under the policy terms, Best Buy was required to maintain and to provide a listing of owned autos. Weyda's motorcycle was not specifically identified as a covered auto. Thus, we conclude that there was no uninsured-motorist coverage for his injuries. Accordingly, we affirm the trial court's grant of summary judgment in Pacific's favor.

Judgment affirmed.

HILDEBRANDT and GORMAN, JJ., concur.

---

7. See Niese v. Maag, 3d Dist. No. 12–02–06, 2002-Ohio-6986, 2002 WL 31778046.