{¶ 1} Plaintiff-Appellant, Christine Jones, appeals a Seneca County Common Pleas Court judgment grating summary judgment to Defendant-Appellee, United States Fire Insurance Company ("USFIC"), concerning uninsured/underinsured motorist ("UIM") coverage under a commercial policy issued to the employer of the driver of a vehicle in which she was injured. Jones claims that the trial court erred in ruling that she was not occupying a "covered `auto'" and, thus, was not entitled to UIM coverage. However, the subject vehicle is not listed in a schedule of "covered `autos'" included within and required by the policy. Moreover, the policy precludes vehicles owned by or furnished to named insureds from being the "uninsured motor vehicle" for purposes of UIM coverage. Therefore, even assuming the vehicle qualified as a "covered `auto,'" Jones is not entitled to UIM coverage under the USFIC policy. Accordingly, we affirm the judgment of the trial court.
 {¶ 2} This case is another in a long line of decisions spawned by the Ohio Supreme Court's pronouncement in Scott-Pontzer v. Liberty Mut.Fire Ins. Co.[1] Facts underlying the instant appeal are not in dispute. On June 8, 2000, Jones was involved in an auto accident wherein she was ejected from a vehicle owned and operated by Tamme Morehart. The accident occurred when Morehart failed to stop at the intersection of Township Road 47 and State Route 12. Morehart's vehicle was struck by a truck traveling eastbound on State Route 12.
 {¶ 3} On May 4, 2001, Jones filed the present action against Morehart, USFIC, and two John Doe defendants. The complaint set forth claims for personal injuries sounding in negligence against Morehart and included a claim for UIM coverage under a Commercial Policy issued by USFIC to Morehart's employer, Caliber Auto Transfer of Ohio, Inc ("Caliber").
 {¶ 4} Thereafter, USFIC moved for summary judgment, arguing that Jones did not qualify for UIM coverage under the Commercial Policy. Jones filed a brief in opposition and a cross-motion for summary judgment. On January 10, 2003, the trial court entered summary judgment in favor of USFIC, finding that Jones did not qualify as an insured because: (1) she was not a Caliber employee; (2) she was not a family member of a Caliber employee; (3) she was not occupying a "covered `auto'" when the accident occurred; and, (4) she was not asserting a derivative claim predicated upon bodily injury sustained by another insured.
 {¶ 5} Jones appeals the entry of summary judgment, presenting the following single assignment of error for our consideration:
 The Trial Court erred in holding that Appellant does not qualify as an insured for purposes of uninsured/underinsured motorist coverage under the Unites States Fire Insurance Company Commercial Garage Insurance Policy despite the fact that Appellant was occupying a covered auto under the policy at the time of the accident.
 {¶ 6} For her assignment of error, Jones asserts that the trial court erred in finding that she was not occupying a "covered `auto'" and would not otherwise qualify as an insured for purposes of UIM coverage. Citing that the UIM coverage provisions define "covered `auto[s]'" as "`autos' you own", Jones contends that she qualifies as an insured as an occupant of Morehart's vehicle. She argues that the trial court erred in finding that coverage was limited to vehicles specifically identified in an attached schedule of "covered `autos.'"
 Summary Judgment Standard {¶ 7} We begin by setting forth the applicable standard of review. Appellate review of summary judgment is conducted independently of and without affording deference to the trial court's determination.[2]
Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination.[3]
 UIM Coverage Terms {¶ 8} Turning to the UIM coverage terms herein, we note that it is well settled that an insurance policy is a contract and the relationship between the insured and the insurer is purely contractual in nature.[4]
Insurance coverage is determined by reasonably construing the contract "in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed."[5]
"Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured."[6] However, where the intent of the parties to a contract is evident from the clear and unambiguous language used, a court must not read into the contract a meaning not contemplated or placed there by an act of the parties to the contract.[7]
A.Whether Jones Was Occupying a "Covered `Auto'"
 {¶ 9} The UIM Endorsement to the USFIC Commercial Policy defines an insured as follows:
B. Who Is An Insured
 1. You.
 2. If you are an individual, any `family member.'
 3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
 1. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'
 {¶ 10} Jones claims that she qualifies as an insured under paragraph B.3. As mentioned previously, at the time of the accident Jones was a passenger in a vehicle owned and operated by Morehart. Accordingly, for Jones to qualify for coverage under paragraph B.3., Morehart's vehicle would have to qualify as a "covered auto."
 {¶ 11} "Covered `auto[s]'" for purposes of UIM coverage are set forth by numeric symbol "22" in the Declarations. The scope of coverage under symbol 22 is defined as: "Owned `Autos' Only. Only those `autos' you own (and for Liability Coverage any `trailers' you don't own while attached to power units you own)." Therefore, for Morehart's vehicle to qualify as a "covered `auto'" under this general definition, Morehart would have to fall within the definition of "you."
 {¶ 12} The Garage Coverage Form states that "[t]hroughout this policy, the words `you' and `your' refer to the Named Insured shown in the Declarations." The named insured in the Declarations, Caliber, is a corporate entity. Considering an identical definition of who was an insured where, as here, the named insured was a corporation, the Ohio Supreme Court in Scott-Pontzer found the term "you" to be ambiguous, stating that "[i]t would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle."[8] As a result, the Court "construed the language most favorably to the insured" and found that the plaintiff's husband was an insured under his employer's policy.[9] Confronted with indistinguishable circumstances, we must find that the language in the USCIF policy concerning the identity of "insureds" to be ambiguous. Accordingly, we are required to conclude that Morehart was as an insured under the terms of the policy for purposes of UIM coverage.[10]
 {¶ 13} As mentioned previously, "covered `auto[s]'" for purposes of UIM coverage are generally defined as "[o]nly those autos you own." Jones argues that interpreting the term "you" consistently throughout the policy, the vehicle owned and driven by Morehart at the time of the accident is a "covered `auto'" for purposes of UIM coverage.[11] USFIC responds that Caliber completed a schedule of "covered `auto[s]'" as a predicate to coverage, that there is no ambiguity as to which autos were covered, and that Morehart's vehicle is not within the enumerated list of "covered auto[s]."
 {¶ 14} Although a corporation cannot occupy a motor vehicle or suffer bodily injury or death, which is the genesis of the ambiguity found in the language of the insurance policy at issue in Scott-Pontzer, a corporation clearly can hold lawful title to motor vehicles and can acquire insurance restricted to those vehicles which it, itself, owns.[12] Accordingly, coverage is properly limited to specifically enumerated vehicles where a policy requires an insured to provide a schedule of vehicles qualifying as "covered autos" as a predicate to coverage.[13]
 {¶ 15} In this instance, the Declaration states that "THIS DECLARATION IS NOT COMPLETE UNTIL EITHER DEALERS SCHEDULE OR NON-DEALERS SCHEDULE IS ATTACHED" and directs parties to "See Supplementary Schedule for dealers `autos' and `autos' held for sale by trailer dealers and non-dealers." "Item Seven" of the attached "NON-DEALERS AND TRAILERS DEALERS SCHEDULE" contains a "SCHEDULE OF COVERED AUTOS YOU OWN." The schedule lists specific vehicles by make, model, year, and identification number, stating that "[t]he policy is hereby made to apply to the items described below." A specific UIM premium is charged for each vehicle, and the aggregate of the individual premiums corresponds to the total UIM premium charged in the Declarations.
 {¶ 16} After reviewing the policy in its entirety, we conclude that there is no ambiguity as to which autos were covered. The Declarations require Caliber to submit a schedule of "covered `auto[s]'" as a predicate to coverage. Morehart's vehicle was not included within the schedule of "covered `auto[s].'" Therefore, because Jones was not occupying a "covered `auto'", she would not qualify as an insured for purposes of UIM coverage.
 Definition of "Uninsured Motor Vehicle" {¶ 17} Moreover, assuming arguendo that Morehart's vehicle qualified as a "covered `auto'", paragraph F.3.c of the Ohio Uninsured Motorist Coverage Endorsement would further preclude UIM coverage under the USFIC policy. Paragraph A.1 of the Endorsement provides that USFIC agrees to pay all sums an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle." Former R.C.3937.18(K)(2) permitted policies to exclude from the definition of "uninsured motor vehicle" and "underinsured motor vehicle" "[a] motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured."[14]
Similarly, paragraph F.3.c of the Endorsement excludes from its definition of "uninsured motor vehicle," any vehicle "[o]wned by or furnished for your regular use or that of any family member." Stated otherwise, any vehicle owned by or furnished for the regular use of a party falling within the definition of "you" or "your" cannot be the "underinsured motor vehicle" for purposes of UIM coverage.
 {¶ 18} Jones maintains that the definitional exception is inapplicable because she merely qualifies as an "insured," as opposed to a "named insured." She argues that the terms "insured" and "named insured" are neither synonymous nor interchangeable, and that "named insured" refers only to the entity listed in the declarations. Jones avers that she was occupying a vehicle not owned by or furnished for the regular use of Caliber, the "named insured," concluding that the exclusion is inapplicable.
 {¶ 19} In Niese v. Maag, we recently addressed an argument similar to the one posited by Jones.[15] The Ohio Supreme Court determined inScott-Pontzer that when "you" is defined as the "named insured shown in the declarations" in an auto insurance policy, the term "you" necessarily included employees of the corporation.[16] Accordingly, in Niese, we found that insofar as Scott-Pontzer requires the term "you" to be construed to include employees as "named insureds," the term "you" would be applied consistently throughout the policy.[17] As Morehart is a "named insured" and was driving a motor vehicle owned by or furnished for her regular use at the time of the accident, Morehart's vehicle could not be the "uninsured motor vehicle" for purposes of UIM coverage.[18]
Therefore, for the foregoing reasons we find that Jones is not entitled to UIM coverage under the USFIC policy.
 {¶ 20} Accordingly, Jones' sole assignment of error is overruled.
 {¶ 21} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Seneca County Common Pleas Court is hereby affirmed.
Judgment affirmed.
SHAW and CUPP, JJ., concur.
[1] Scott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292.
[2] Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720.
[3] Diamond Wine Spirits, Inc. v. Dayton Heidelberg Distr. Co.,148 Ohio App.3d 596, 604-605, 2002-Ohio-3932, ¶ 25, citing State exrel. Cassels v. Dayton City School Dist. Bd. of Ed. (1994),69 Ohio St.3d 217, 222.
[4] Nationwide Mut. Ins. Co. v. Marsh (1984), 15 Ohio St.3d 107,109.
[5] King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 211; DealersDairy Products Co. v. Royal Ins. Co. (1960), 170 Ohio St. 336, paragraph one of the syllabus.
[6] King, 35 Ohio St.3d at syllabus (citations omitted).
[7] Gomolka v. State Auto. Mut. Ins. Co. (1982), 70 Ohio St.2d 166,168.
[8] Scott-Pontzer, 85 Ohio St.3d at 664.
[9] Id. at 665.
[10] Good v. Krohn, 151 Ohio App.3d 832, 840, 2002-Ohio-4001, ¶ 24.
[11] Niese v. Maag, 3rd Dist. App. No. 12-02-06, 2002-Ohio-6986, ¶ 12.
[12] Wright v. Small, 3rd Dist. App. No. 13-02-34, 2003-Ohio-971, ¶ 21.
[13] Id. at ¶ 17-19. See, also, Weyda v. Pacific Employer's Ins.Co., 151 Ohio App.3d 678, 680-681, 2003-Ohio-443, ¶ 11-13; Daily v.Travelers Ins. Co., 2nd Dist. App. No. 1589, 2003-Ohio-680, ¶ 52.
[14] Former paragraphs (J)(1) and (K)(2) were added to R.C. 3937.18
through H.B. 261, effective September 3, 1997. Subsequently, S.B. 267, effective September 21, 2000, removed paragraph (K)(2) from the statute.
[15] Niese v. Maag, 3rd Dist. App. No. 12-02-06, 2002-Ohio-6986.
[16] Id. at ¶ 13. See, also, Wyeda, 151 Ohio App.3d at ¶ 13-16; Universal Underwriters Ins. Co. v. Miller, 5th Dist. App. No. 2002CA00225, 2003-Ohio-2489, ¶ 46-50.
[17] Niese, supra, at ¶ 11-12.
[18] Flowers v. Ohio Mut. Ins. Group, 3rd Dist. App. No. 13-02-28, 2003-Ohio-441, ¶ 28; Kyle v. Buckeye Union Ins. Co., 6th Dist. App. No. L-02-1166, 2003-Ohio-488, ¶ 13-14; Robson v. Allstate Ins. Co. (Sept. 18, 2001), 5th Dist. App. No. 01CAE03007. But see, Morris v.United Ohio Ins. Co., 4th Dist. App. No. 02CA2653, 2003-Ohio-1708, ¶ 8-19.