OPINION
{1} Defendant-Appellant, Aubre Perkins, appeals a Paulding County Common Pleas Court entry of summary judgment in favor of Plaintiff-Appellee, Cincinnati Insurance Company ("Cincinnati Insurance"), concerning uninsured/underinsured motorist ("UIM") coverage under Business Auto and Commercial Umbrella policies issued to her employer, Tomco Plastics, Inc. For the following reasons, we affirm the judgment of the trial court.
{2} This case is another in a long and complicated line of decisions spawned by the Ohio Supreme Court's pronouncement in Scott-Pontzer v.Liberty Mutual Fire Insurance Company.[1] Facts underlying the instant appeal are not in dispute. On May 5, 2000, Perkins was involved in an automobile accident in Paulding County while driving her father's 1998 Pontiac Grand Am. The collision was caused by Nicole Laney's negligent operation of her motor vehicle. When medical bills and other claimed damages exceeded Laney's insurance limits, Perkins turned to other policies seeking additional UIM coverage.
{3} As of May 5, 2000, Perkins was employed by Tomco Plastics, Inc. ("Tomco"). At that time, Tomco was insured through a Business Auto Policy and a Commercial Umbrella Policy issued by Cincinnati Insurance. The Business Auto Policy contained express UIM coverage provisions in an amount of coverage equivalent to underlying liability coverage.[2] The Commercial Umbrella Policy was a follow-form policy providing UIM coverage in excess of and only to the extent coverage was provided by the Business Auto Policy. Perkins submitted claims for UIM coverage under said policies. Cincinnati Insurance denied coverage and, thereafter, filed a complaint for declaratory judgment as to Perkins' entitlement to coverage. The parties submitted competing motions for summary judgment as to coverage. By entry dated January 27, 2003, the trial court granted summary judgment in favor of Cincinnati Insurance, finding that Perkins was not entitled to coverage.
{4} From this decision Perkins appeals, presenting the following single assignment of error for our review:
The Trial Court erred by concluding that the "other owned autoexclusion" contained in the Appellee's Business Auto Policy issued to theAppellant's employer excludes the Appellant's claims for underinsuredmotorist benefits under the Appellee's, the Cincinnati InsuranceCompany, Policies.
{5} Within her assignment of error, Perkins argues that the trial court erred in granting summary judgment in favor of Cincinnati Insurance and against her entitlement to coverage under UIM provisions contained within Tomco's Business Auto Policy and Commercial Umbrella Policy.
 I. Summary Judgment Standard {6} Appellate review of summary judgment is conducted independently of and without affording deference to the trial court's determination.[3]
Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination.[4]
 II. UIM Coverage Terms {7} Turning to the UIM coverage terms herein, we note that it is well-settled that an insurance policy is a contract and that the relationship between the insured and the insurer is purely contractual in nature.[5] Insurance coverage is determined by reasonably construing the contract "in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed."[6] "Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured."[7] However, where the intent of the parties to a contract is evident from the clear and unambiguous language used, a court must not read into the contract a meaning not contemplated or placed there by an act of the parties to the contract.[8]
A. Who is an Insured
 {8} The policy's Business Auto Coverage Form states that "[t]hroughout this policy, the words `you' and `your' refer to the Named Insured shown in the Declarations." The policy's Ohio Uninsured Motorist Coverage Bodily Injury Endorsement in effect at the time of the accident defined who is an insured as follows:
 {¶ 9} Considering an identical definition of who was an insured where, as here, the named insured was a corporation, the Ohio Supreme Court in Scott-Pontzer found the term "you" to be ambiguous, stating that "[i]t would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle."[9] As a result, the Court "construed the language most favorably to the insured" and found that the plaintiff's husband was an insured under his employer's policy.[10] Confronted with indistinguishable circumstances, we are required to find that the language in the Endorsement concerning the identity of "insureds" to be ambiguous. Accordingly, we are required to conclude that Perkins fell within the definition of "you" and "your" for purposes of UIM coverage.[11]
 B. Whether Perkins was Operating a "Covered `Auto'"
 {¶ 10} Having concluded that Perkins was an insured under the policies at issue, we must now determine whether the circumstances of this accident fall within other applicable coverage provisions.[12]
"[W]here, as here, a liability policy expressly includes [UIM] coverage within the contract, restrictions and other coverage limitations are intended and will be applied for purposes of [UIM] coverage. Therefore, even when a party qualifies as a named insured under a policy that includes [UIM] coverage by contract, the circumstances of the accident must fall within other applicable coverage provisions."[13]
 {¶ 11} Our first inquiry is whether the vehicle Perkins was operating was a "covered `auto'". The Business Auto Coverage Part Declarations state that "[t]his coverage part provides only those coverages where a charge is shown in the premium column below. Each of the coverages will apply only to those `autos' shown as covered `autos.'" "Covered `autos'" for purposes of UIM coverage are defined by numeric symbol "2." Coverage provided under symbol "2" is limited to: "Only those `autos' you own." Attached to the Declarations is a schedule of owned vehicles covered by the insurance policies.
 {¶ 12} Perkins concedes that she was not occupying a "covered `auto'" as defined by symbol 2. She argues, however, that althoughScott-Pontzer requires the term "you" to be construed to include her within the definition of "named insured" so as to be entitled to coverage, in the remainder of the policy the terms "you", "your," or "named insured" are either inapplicable to her or must be construed in her favor.
 {¶ 13} In Niese v. Maag, we recently addressed an argument similar to the one posited by Perkins.[14] The Ohio Supreme Court determined inScott-Pontzer that when "you" is defined as the "named insured shown in the declarations" in an auto insurance policy, the term "you" necessarily included employees of the corporation.[15] Accordingly, in Niese we found that insofar as Scott-Pontzer requires the term "you" to be construed to include employees as "named insureds," the term "you" would be applied consistently throughout the policy.[16]
 {¶ 14} When the term "you" is consistently interpreted throughout the policy, we find that the vehicle driven by Perkins at the time of the accident, a 1988 Pontiac Grand Am owned by her father, is not one which is owned by a party falling within the definition of "you." Nor is it contained in the schedule of vehicles covered by the policies. Consequently, it does not qualify as a "covered `auto'" for purposes of UIM coverage,[17] and under these circumstances Perkins is not entitled to UIM coverage.
C. "Other-Owned Auto Exclusion"
 {¶ 15} In addition, the Ohio Uninsured Motorist Bodily Injury Endorsement contains an "other-owned auto exclusion," as authorized by R.C. 3937.18(J)(1),[18] which states:
 {¶ 16} Perkins does not contest the validity of this provision, but instead maintains that the exclusion applies only to vehicles not specifically identified in the policy which are owned by or provided for the regular use of "named insureds". She argues that the exclusion is inapplicable to her because she is an "insured," as opposed to a "named insured," and that she was occupying a vehicle provided for the regular use of an "insured," rather than a "named insured." Cincinnati Insurance responds that under the Scott-Pontzer analysis, references to the "named insured" or "you" are to be construed to include Tomco as well as its employees, including Perkins.
 {¶ 17} Insofar as Scott-Pontzer requires the term "you" to be construed to include employees as "named insureds," the term "you" must be applied consistently throughout the policy.[19] Because Perkins qualifies as a "named insured" and was driving a motor vehicle not specifically identified in the policy under which the claim is made which was furnished for her regular use at the time of the accident, the other-owned auto exclusion precludes coverage to Perkins.[20]
 {¶ 18} For the foregoing reasons, we find that Perkins is thus not entitled to UIM coverage under either the Business Auto Policy or Commercial Umbrella Policy. Accordingly, Perkins' assignment of error is overruled.
 {¶ 19} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Paulding County Common Pleas Court is hereby affirmed.
Judgment affirmed.
Bryant, P.J. and Shaw, J., concur.
[1] Scott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292.
[2] See R.C. 3937.18(A).
[3] Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720.
[4] Diamond Wine Spirits, Inc. v. Dayton Heidelberg Distrib. Co. (2002), 148 Ohio App.3d 596, 604-605, 2002-Ohio-3932, ¶ 25, citingState ex rel. Cassels v. Dayton City School Dist. Bd. of Ed. (1994),69 Ohio St.3d 217, 222.
[5] Nationwide Mut. Ins. Co. v. Marsh (1984), 15 Ohio St.3d 107,109.
[6] King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 211;Dealers Dairy Products Co. v. Royal Ins. Co. (1960), 170 Ohio St. 336, paragraph one of the syllabus.
[7] King, 35 Ohio St.3d 208, syllabus (citations omitted).
[8] Gomolka v. State Auto. Mut. Ins. Co. (1982), 70 Ohio St.2d 166,168.
B. Who Is An Insured
 1. You.
2. If you are an individual, any `family member.'
 3. Anyone else `occupying' a covered `auto' or a temporary substitutefor a covered `auto.' The covered `auto' must be out of service becauseof its breakdown, repair, servicing, loss or destruction.
4. Anyone for damages he or she is entitled to recover because of`bodily injury' sustained by another `insured.'
[9] Scott-Pontzer, 85 Ohio St.3d at 664.
[10] Id. at 665.
[11] Good v. Krohn (2002), 151 Ohio App.3d 832, 840, 2002-Ohio-4001, ¶ 24.
[12] Id. at ¶ 25.
[13] Rall v. Johnson (March 21, 2003), Wyandot App. No. 16-02-13, 2003-Ohio-1373, ¶ 9, citing Mazza v. American Continental Ins. Co. (Jan 29, 2002), Summit App. No. 21192, 2002-Ohio-360, ¶ 76-77.
[14] Niese v. Maag (Dec. 13, 2002), Putnam App. No. 12-02-06, 2002-Ohio-6851, appeal allowed by (2003), 98 Ohio St.3d 1563,2003-Ohio-2242.
[15] Id. at ¶ 13. See, also, Wyeda v. Pacific Employer's Ins. Co.
(2003), 151 Ohio App.3d 678, 681-682, 2003-Ohio-443, ¶ 13-16;Universal Underwriters Ins. Co. v. Miller (May 12, 2003), 5th Dist. App. No. 2002CA00225, 2003-Ohio-2489, ¶ 46-50.
[16] Niese, supra,. at ¶ 11-12.
[17] Id.
[18] Now R.C. 3937.18(I)(1).
C. Exclusions
 This insurance does not apply to:
 * * *
 1.`Bodily injury' sustained by an `insured' while the `insured' isoperating or occupying a motor vehicle owned by, furnished to, oravailable for the regular use of a named insured, a spouse or residentrelative of a named insured, if the motor vehicle is not specificallyidentified in the policy under which a claim is made, or is not a newlyacquired or replacement motor vehicle covered under the terms of thepolicy under which the uninsured and underinsured motorist coverages areprovided.
[19] Niese, supra, at ¶ 11-12.
[20] Id. at ¶ 11-12; Universal Underwriters Ins. Co., supra, at ¶ 46-50.