OPINION.
{¶ 1} Plaintiff-appellant, Regina Standish, appeals the summary judgment granted by the Hamilton County Court of Common Pleas in favor of defendants-appellees, The Ohio Casualty Company and West American Insurance Company, in a declaratory-judgment action. For the following reasons, we affirm the trial court's judgment.
 {¶ 2} In February 2001, Standish was walking to work when an automobile driven by Joshua Kern struck her. At the time of the accident, Standish was an employee of Chicago MSO, LLC. Chicago MSO had in effect three policies of insurance with the appellees: a commercial general liability (CGL) policy, a business owner's policy, and a business automobile (BA) policy. After settling her claims against Kern, Standish brought an action seeking uninsured/underinsured motorist coverage under the three policies. It was undisputed that Kern was an uninsured/underinsured motorist (UM/UIM) as defined in the policies and by statute.
 {¶ 3} Standish and the appellees filed motions for summary judgment. The trial court granted the appellees' motion and denied Standish's motion, holding that the CGL and the business owner's policy did not provide automobile liability coverage and that Standish was not an insured under the BA policy.
 {¶ 4} On appeal, Standish now asserts two assignments of error. In her first assignment, she argues that the trial court erred in granting summary judgment in favor of the appellees. We find no merit in this assignment.
 {¶ 5} Pursuant to Civ.R. 56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1]
The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[2]
 {¶ 6} The party seeking to recover under an insurance policy generally bears the burden of demonstrating coverage under the policy as well as proving a loss.[3] But where an insurer denies liability coverage based upon a policy exclusion, the insurer bears the burden of demonstrating the applicability of the exclusion.[4]
 {¶ 7} Standish first argues that the trial court erred in holding that the CGL and business owner's policies were not automobile liability policies and that the appellees were therefore not required to offer UM/UIM coverage. We find no merit in this argument.
 {¶ 8} The parties agree that the version of R.C. 3937.18(A) in effect at the time the policies were issued permitted an insured to reject UM/UIM coverage in any "automobile liability or motor vehicle liability policy of insurance," and that if such coverage was not rejected, it would be implied as a matter of law.[5] R.C. 3937.18(L) defined "automobile liability or motor vehicle liability policy of insurance" as "(1) Any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined by division (K) of section 4509.01 of the Revised Code, for owners or operators of the motor vehicles specifically identified in the policy of insurance; [or] (2) Any umbrella liability policy of insurance written as excess over one or more policies described in division (L)(1) of this section."
 {¶ 9} Thus, we must determine whether the CGL and business owner's policies were automobile liability policies within the meaning of R.C.3937.18(L).[6] The policies specifically excluded from coverage "Aircraft, Auto, or Watercraft." The policies then listed exceptions from the exclusion in two instances. The first exception was for "[p]arking an `auto' on, or on the ways next to, premises you own or rent, provided the auto is not owned by or rented or loaned to you or the insured." The second exception was for "`[b]odily injury' or `property damage' arising out of the operation of any of the equipment listed in paragraph f.(2) or f.(3) of the definition of `mobile equipment.'" "Mobile equipment" was then defined as "[c]herry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and * * * [a]ir compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment."
 {¶ 10} In Bowling v. St. Paul Fire Marine Ins. Co.,[7]
this court examined a policy containing similar "auto parking" and "mobile equipment" exceptions to an exclusion for "aircraft, automobiles, motortrucks and other vehicles subject to motor vehicle registration." In holding that the exceptions to the exclusions did not convert the policy into one for automobile liability coverage, we emphasized that the policy did "not provide liability insurance with respect to any vehicles `specifically identified in the policy of insurance' as required by R.C. 3937.18(L)(1)" and specifically excluded liability coverage for automobiles.[8]
 {¶ 11} Our holding in Bowling is controlling in the instant case. Like the policy in Bowling, the policies in the case at bar specifically excluded coverage for automobiles, and their limited exceptions for the parking of automobiles and for mobile equipment did not convert them into automobile liability policies. Although Standish attempts to distinguish the policies in the case at bar by noting that "mobile equipment" may include equipment mounted on an automobile chassis, we are not persuaded that this distinction alters the nature of the policies. Here, as inBowling, the plain language of the policies excluded automobiles and could not serve as proof of financial responsibility for any vehicle "specifically identified in the policy of insurance" within the meaning of R.C. 3937.18(L)(1). We therefore hold that the trial court correctly granted summary judgment with respect to the CGL and business owner's policies.
 {¶ 12} Standish next argues that the trial court erred in holding that there was no coverage under the BA policy. She contends that the BA policy's exclusion of coverage for vehicles that were not owned by the named insured violated R.C. 3937.18(J)(1), which permits an insurer to preclude coverage for an insured "[w]hile the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of the named insured." Standish argues that, because the policy in the case at bar excluded coverage for vehicles not owned by the insured, it ran afoul of R.C. 3937.18(J)(1). We disagree.
 {¶ 13} The permitted exclusions under R.C. 3937.18 apply, by logical necessity and by their very terms, only to an insured under the policy. In the case at bar, we agree with the trial court that Standish was not an insured.
 {¶ 14} In Scott-Pontzer v. Liberty Mutual Fire Ins. Co.,[9] the Supreme Court of Ohio held that the use of the term "you," when defined as the "named insured shown in the declarations" in an automobile insurance policy, was ambiguous. The court concluded that when the named insured was a corporation and the policy did not list any individuals as named insureds, the term "you" necessarily referred to employees of the corporation because a corporation can act only through natural persons.[10]
 {¶ 15} In the case at bar, the BA policy differed from the policy held to be ambiguous in Scott-Pontzer. Here, instead of using the word "you" in defining an insured, the policy defined an insured as "[a]nyone occupying a covered `auto' or a temporary substitute for a covered `auto'" and "[a]nyone for damages he or she is entitled to recover because of bodily injury sustained by another `insured.'" A "covered auto" was then defined as "OWNED `AUTOS' ONLY. Only those `autos' you own (and for Liability Coverage any `trailers' you don't own while attached to power units you own). This includes those `autos' you acquire ownership of after the policy begins." The Business Auto Coverage Form then stated that "the words `you' and `your' refer to the Named Insured shown in the Declarations," which was Chicago MSO.
 {¶ 16} Courts have uniformly held that policy language substantially similar to the language in the instant case removes the ambiguity found in Scott-Pontzer.[11] Where the policy language specifically restricts coverage to persons occupying covered vehicles and where the policy specifically identifies the named insured (and therefore the owner of the covered vehicles) as a corporate entity, the ambiguity found in Scott-Pontzer is eliminated.[12] We find these decisions to be well reasoned and in accordance with the general rule that a court should give effect to the plain language of the policy.[13]
 {¶ 17} Here, Standish was not an insured under the language of the policy because she was not occupying a covered auto and did not sustain loss of consortium or other derivative damages resulting from the injury of another insured within the plain meaning of the policy language. The undisputed evidence was that Standish was a pedestrian at the time she was injured by Kern's automobile. Thus, the exclusion that Standish challenges did not come into play, because Standish did not make the threshold showing that she was an insured.[14] The first assignment of error is accordingly overruled.
 {¶ 18} In her second and final assignment of error, Standish argues that the trial court erred in denying her motion for summary judgment. Having held that the trial court properly granted the appellees' motion for summary judgment, we also hold that it correctly denied Standish's motion. The second assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Doan, P.J., and Painter, J., concur.
[1] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589,1994-Ohio-130, 639 N.E.2d 1189.
[2] See Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107,662 N.E.2d 264.
[3] See Chicago Title Ins. Co. v. Huntington Natl. Bank,87 Ohio St.3d 270, 273, 1999-Ohio-62, 719 N.E.2d 955.
[4] See Continental Ins. Co. v. Louis Marx Co. (1980),64 Ohio St.2d 399, 415 N.E.2d 315, syllabus.
[5] See Roper v. State Automobile Mut. Ins. Co., 1st Dist. No. C-010117, 2002-Ohio-3283, jurisdictional motion overruled,97 Ohio St.3d 1421, 2002-Ohio-5820, 777 N.E.2d 276.
[6] Standish does not argue that either policy was an umbrella policy under R.C. 3937.18(L)(2).
[7] 149 Ohio App.3d 290, 2002-Ohio-4933, 776 N.E.2d 1175, jurisdictional motion overruled, 98 Ohio St.3d 1460, 2003-Ohio-644,783 N.E.2d 520.
[8] See id. at ¶ 21, quoting De Uzhca v. Derham, 2nd Dist. No. 19106, 2002-Ohio-1814, discretionary appeal allowed, 96 Ohio St.3d 1511,2002-Ohio-4950, 775 N.E.2d 854.
[9] 85 Ohio St.3d 660, 664-665, 1999-Ohio-292, 710 N.E.2d 1116.
[10] Id. at 664, 1999-Ohio-292, 710 N.E.2d 1116.
[11] See, e.g., Selective Ins. Co. v. Wilson, 5th Dist. No. CT2002-0009, 2002-Ohio-7388, jurisdictional motion overruled,98 Ohio St.3d 1567, 2003-Ohio-2242, 787 N.E.2d 1231; Egelton v. UnitedStates Fire Ins. Co., 5th Dist. No. 2002CA00157, 2002-Ohio-6176; Pricev. Ayers, 5th Dist. No. 2002CA00124, 2002-Ohio-5479; Alexander v.Seward, 4th Dist. No. 02CA2658, 2002-Ohio-6348; Lumbermens Mut. Cas. Co.v. Xayphonh, 9th Dist. No. 21217, 2003-Ohio-1482; Frisch v. CNACommercial Ins., 3rd Dist. Nos. 13-02-36 and 13-02-40, 2003-Ohio-1574;Governale v. Sprecher, 12th Dist. No. CA2002-10-112, 2003-Ohio-2376; andFidelity and Guaranty Ins. Underwriters, Inc. v. Nocero (N.D.Ohio. 2001), No. 01-CV-397.
[12] See, e.g., Selective, at ¶ 22.
[13] See Weyda v. Pacific Employer's Ins. Co. (2003),151 Ohio App.3d 678, 2003-Ohio-443, 785 N.E.2d 763, at ¶ 1.
[14] See Selective, supra, at ¶ 23.