DECISION AND JUDGMENT ENTRY
{¶ 1} James Webb and his daughter Jennifer Webb appeal the Pike County Court of Common Pleas' summary judgment in favor of American Justice Insurance Reciprocal ("AJIR"). The Webbs argue that the trial court erred when it found that they were not insureds under an insurance policy with underinsured motorist ("UIM") coverage by operation of law that AJIR issued to Buckeye Joint-County Self-Insurance Council ("Buckeye") with Pike County as a named insured. We disagree because James injuries did not occur during the course and scope of his employment with Pike County. See Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, paragraph two of the syllabus. In addition, Jennifer does not qualify as a "family member" of other insureds because James was not a named insured in the policy. Id. at paragraph three of the syllabus. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} In 1997, James was an employee of Pike County and exercised visitation rights with his minor daughter Jennifer. Pike County was a named insured in an AJIR insurance policy without UIM coverage. The policy did provide for liability arising out of the use of motor vehicles.
 {¶ 3} On February 1, 1997, sixteen-year-old Bobbie Southworth lost control of her vehicle on a curve and struck a tree severely injuring passenger Jennifer. The Webbs settled with the tortfeasor and recovered the full limits of the liability coverage available from the tortfeasor's motor vehicle insurer.
 {¶ 4} Later, the Webbs notified AJIR of the accident and sought a UIM claim under the insurance policy it had issued to Buckeye with Pike County as a named insured. The policy did not provide for UIM coverage. At the time AJIR issued the policy, Ohio law required an "automobile liability or motor vehicle liability policy of insurance" to be accompanied by an offer of UM/UIM coverage with limits equivalent to the liability limits of the policy. Under Ohio law the policy qualified as a "motor vehicle liability policy," but AJIR did not offer the UM/UIM coverage. AJIR denied the Webbs' claim for UIM coverage.
 {¶ 5} The Webbs filed a complaint against AJIR seeking UIM benefits under the policy. AJIR filed a counterclaim for a declaratory judgment. Both sides filed cross-motions for summary judgment. AJIR argued in the trial court that the Federal Liability Risk Retention Act (15 U.S.C. § 3901, et seq.) preempts Ohio from requiring that risk retention groups issuing motor vehicle liability policies also offer UM/UIM coverage to insureds. AJIR also argued that even if Ohio law applied, the implied UIM coverage by operation of law does not extend to "family members" of such employees in the absence of "family member" language. The Webbs argued that Ohio law applied, not federal law, and that by operation of law they were insureds under the policy pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660 andEzawa v. Yasuda Fire Marine Ins. Co. of Am. (999), 86 Ohio St.3d 557. The trial court agreed with AJIR and granted its motion for summary judgment.
 {¶ 6} The Webbs appeal and assign one assignment of error as follows: "The trial court erred in granting [AJIR's] motion for summary judgment."
 II. {¶ 7} The Webbs argue that the trial court erred when it found that they were not insureds under the policy. They maintain that the federal law does not preempt Ohio law regarding UIM coverage. They claim that even though the policy does not expressly have a UIM form that defines insured, by operation of law the implied coverage exists. They contend that James is an insured pursuant to Scott-Pontzer and that Jennifer is an insured because UIM coverage imposed under a policy by operation of law can also extend to family members pursuant to Ezawa. Finally, they assert that Jennifer is a resident of her father's household as required by Ezawa because he exercises visitation rights with her. For all of these reasons, the Webbs conclude that they are insureds under the policy. We disagree.
 {¶ 8} Summary judgment is appropriate when the court finds that the following factors have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed in his or her favor. Civ.R. 56. See Bosticv. Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Morehead v. Conley (1991),75 Ohio App.3d 409, 411. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." Morehead v. Conley, 75 Ohio App.3d at 411-12. See, also,Schwartz v. Bank One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
 {¶ 9} The burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. The moving party bears this burden even for issues that the nonmoving party may have the burden of proof at trial.Id. "However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings. * * *. He must present evidentiary materials showing that a material issue of fact does exist."Morehead v. Conley, 75 Ohio App.3d at 413.
 {¶ 10} We apply identical standards of interpretation to insurance contracts as we do to other written contracts. Hybud Equip. Corp. v.Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 665. We must give the language of an insurance policy its plain and ordinary meaning.Dairyland Ins. Co. v. Finch (1987), 32 Ohio St.3d 360, 362. When deciding whether a claimant is an insured under a policy and the contract is ambiguous and susceptible of more than one interpretation, we must liberally construe the language in favor of the policyholder, not the claimant. Galatis at ¶ 35. We review the interpretation of insurance contracts de novo. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm
(1995), 73 Ohio St.3d 107, 108.
 {¶ 11} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co [1988], 35 Ohio St.3d 208,519 N.E.2d 1380, applied; Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
[1999], 85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)" Galatis, supra, at paragraph two of the syllabus. "Where a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured. (Ezawa v. Yasuda Fire Marine Ins. Co. ofAm. [1999], 86 Ohio St.3d 557, 715 N.E.2d 1142, overruled.)" Id. at paragraph three of the syllabus.
 {¶ 12} Here, we will assume, arguendo, that (1) Ohio law applies instead of federal law so that UIM coverage exists by operation of law, (2) the policy has the ambiguous word "you" that defines "insured" so that the UIM coverage extends to all employees of a named insured, (3) the policy has "family member" language so that the UIM coverage can extend to a family member that resides with an employee of a named insured, and (4) Jennifer resided with her father at the time of the accident.
 {¶ 13} The policy named Pike County as an insured. James worked for Pike County. However, James did not receive his injuries during the course and scope of his employment with Pike County. Hence, James is not an insured under the policy. Scott-Pontzer as limited by Galatis.
Likewise, although Jennifer lived with her father at the time of the accident, the designation of "family members" of the named insured as other insureds does not include Jennifer because her father was not a named insured in the policy as required by Galatis. Consequently, the Webbs are not insureds under the AJIR policy and cannot receive UIM benefits.
 {¶ 14} Accordingly, we overrule the Webbs' sole assignment of error.
 III. {¶ 15} In conclusion, we find that the Webbs are not insureds under the UIM coverage of the AJIR policy. We find that there is no genuine issue as to any material fact, AJIR is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the Webbs.
 {¶ 16} Accordingly, we overrule the Webbs' assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Harsha, J. and Abele, J., concur in Judgment and Opinion.