OPINION
{¶ 1} This is an appeal of a judgment of the Columbiana County Court of Common Pleas granting summary judgment to Appellee Erie Insurance Co. ("Erie Ins.") in a dispute over underinsured motorist ("UIM") insurance coverage. Appellant James L. Nentwick, Jr., contends that he is entitled to UIM benefits as a matter of law based on certain mandatory aspects of former R.C. § 3937.18. Our reading of former R.C. § 3937.18 and the relevant provisions of the Erie automobile liability policy at issue indicate that Appellant is not entitled to UIM benefits under the policy or as a matter of law, and based on the analysis that follows, the judgment of the trial court is hereby affirmed.
 {¶ 2} On October 19, 2001, Appellant was involved in an automobile accident while riding his 1978 Harley Davidson motorcycle. David Poynter was the driver of the other vehicle. Appellant was thrown from the motorcycle and suffered severe injuries. It was undisputed that Mr. Poynter was responsible for the accident, and Appellant accepted the $100,000 limit of Poynter's liability insurance as part of a settlement agreement.
 {¶ 3} On April 2, 2003, Appellant filed a complaint in the Columbiana County Court of Common Pleas against Erie Ins., alleging that he was entitled to $1,000,000 in UIM coverage arising from a commercial automobile liability policy that Erie Ins. had issued to Appellant. He asserted that UIM coverage arose as a matter of law because Erie Ins. failed to make a proper offer of UIM coverage equal to the full breadth and scope of the liability coverage of the policy. Appellant asserted that former R.C. § 3937.18 required Erie Ins. to make such an offer of UIM coverage, and its failure to do so resulted in UIM coverage as a matter of law in the same amount as the liability limits of the policy.
 {¶ 4} On June 24, 2003, Appellant filed a motion for summary judgment. On July 14, 2003, Erie Ins. filed a response and cross-motion for summary judgment. On August 11, 2003, the trial court granted Erie Ins.'s motion for summary judgment and overruled Appellant's motion. The court held that no UIM coverage existed for Appellant's motorcycle because it was not listed as a covered auto in the policy. Appellant filed this timely notice of appeal on August 28, 2003.
 {¶ 5} This appeal challenges the trial court's determination of the two summary judgment motions. Appellate review of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241. In accordance with Civ.R. 56, summary judgment is appropriate when:
 {¶ 6} "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274."Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367,369-370, 696 N.E.2d 201.
 {¶ 7} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden to produce evidence on any issue for which that party bears the burden of proof at trial. Dresher, 75 Ohio St.3d at 293, 662 N.E.2d 264.
 {¶ 8} Appellant raises three assignments of error, which are interconnected and will be treated together:
 {¶ 9} "The trial court committed prejudicial error by holding the erie insurance policy required the listing of specific owned autos as a prerequisite to any coverage."
 {¶ 10} "The trial court committed prejudicial error by failing to find that the `other owned auto' exclusion impermissibly seeks to reduce um/uim coverage"
 {¶ 11} "The trial court committed prejudicial error by failing to find that the `other owned auto' exclusion is inapplicable to the case sub judice"
 {¶ 12} Appellant's argument is based on the following interconnected principles. First, Appellant contends that the policy's auto liability section provided liability coverage of $1,000,000 for "any auto," whether or not the particular vehicle was specifically listed in the policy. Second, Appellant asserts that Erie Ins. was required, by former R.C. § 3937.18, to offer UIM coverage in the same amount and to the same extent as the liability coverage of the policy. Since the liability provisions covered "any auto," Appellant argues that Erie Ins. was required to offer UIM coverage for "any auto." Appellant contends that Erie Ins. did not make this offer and that UIM coverage arises as a matter of law in the same amount as the liability coverage. Third, Appellant acknowledges that former R.C. § 3937.18(J) permitted insurers to exclude UIM coverage, in certain circumstances, for vehicles owned by the insured but that were not specifically listed in the policy. This has become known as the "other owned auto" exclusion. Appellant argues, though, that Erie Ins. was required to first make an offer of full UIM coverage that was equivalent to the breadth and scope of the liability coverage, and was required to obtain a proper waiver of the full coverage, before it could rely on the "other owned auto" exclusion in the policy. Appellant claims that Erie Ins. did not make this offer and did not obtain a waiver of full UIM coverage. Appellant concludes that the "other owned auto" exclusion cannot be enforced, and that he is entitled to UIM coverage.
 {¶ 13} For Appellant to succeed in this appeal, he must persuade us that each of the aforementioned arguments is correct.
 {¶ 14} Turning to Appellant first argument, it appears that he is correct concerning the extent of the liability coverage of the policy. A brief review of the policy will be helpful in understanding Appellant's argument. This is a commercial auto policy, on which Appellant is named along with his company, JC Appliance. On the declarations page of the policy, under the heading "AUTOS COVERED," the policy specifically lists five vehicles: a 1989 Chevy pickup truck; a 1986 Chevy van; a 1996 Chevy pickup truck; a 1979 Chevy van; and a 2001 Chevy van. The declarations page also lists specific premiums paid for "HIRED AUTOS" and "NON-OWNED AUTOS" coverage. The policy has liability limits of $1,000,000 for the listed vehicles, for hired autos, and for non-owned autos. The policy also contains UM/UIM coverage for bodily injury in the amount of $1,000,000, and UM/UIM coverage for property damage in the amount of $7500.
 {¶ 15} The policy defines "auto" as, "a land motor vehicle or trailer designed for use over public roads." The trial court found that Appellant's motorcycle fits this definition of "auto." Neither party disputes this finding.
 {¶ 16} The scope of liability coverage is found on page six of the policy:
 {¶ 17} "We will pay all sums anyone we protect legally must pay as damages caused by an accident covered by this policy. The accident must arise out of the ownership, maintenance, use, loading or unloading of an auto we insure."
 {¶ 18} The "AUTOS WE INSURE" section of the policy defines coverage for "owned autos" as follows:
 {¶ 19} "The Declarations shows which of the following areautos we insure under this policy:
 {¶ 20} "1. Owned Autos.
 {¶ 21} "a. These are autos described on the Declarations,
but only for coverages for which a premium is shown." (Policy, 5.)
 {¶ 22} The policy also defines "owned autos" as, "an auto
that is defined under the `Owned Autos' in the AUTOS WEINSURE Section of the Policy." (Policy, p. 4.)
 {¶ 23} Appellant contends that his motorcycle is covered by the liability provisions of the policy based on the following additional clause found on page six of the policy:
 {¶ 24} "When premiums are shown on the Declarations forowned autos, hired autos and non-owned autos, then liability coverages apply to any auto, unless expressly excluded on the Declarations." (Emphasis in original.)
 {¶ 25} Erie Ins. argues that this provision does not apply because the declarations page does not list coverage for "owned autos" in general, but lists coverage only for five specific automobiles. Erie Ins. contends that the declarations page would need to specifically contain a coverage provision using the phrase "owned autos" in order for the "any auto" clause to apply. We must disagree with this construction. According to the policy definitions, "owned autos" include the specific autos listed on the declarations page. The declarations page also clearly provides coverage for hired autos and non-owned autos. The fact that the language contained on the declaration page does not actually use the words "owned autos" is irrelevant based on a plain reading of all the definitions set forth above. Thus, it appears that, at least initially, Appellant's motorcycle would be covered under the liability section of the policy, even though it was not specifically listed on the declarations page as a covered auto.
 {¶ 26} Erie Ins. also argues that Appellant's interpretation of the extent of liability coverage in the policy would cause the policy to violate R.C. § 4509.51, which states:
 {¶ 27} "Requirements for owner's liability insurance
 {¶ 28} "Every owner's policy of liability insurance:
 {¶ 29} "(A) Shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby granted;"
 {¶ 30} Erie Ins. contends that an auto liability policy must list each specific covered automobile in order to comply with R.C. § 4509.51. This argument is without merit. First, R.C. §4509.51 regulates a particular type of policy labeled as an "owner's policy of liability insurance." The policy of liability insurance referred to in R.C. § 4509.51 possesses a specific statutory meaning, defined in R.C. § 4509.01(L) as:
 {¶ 31} "* * * an `owner's policy' or an `operator's policy' of liability insurance, certified as provided in section 4509.46
or 4509.47 of the Revised Code as proof of financial responsibility, and issued, except as provided in section 4509.47
of the Revised Code, by an insurance carrier authorized to do business in this state, to or for the benefit of the person named therein as insured."
 {¶ 32} The Financial Responsibility Act, R.C. § 4509.01 et seq., requires proof of financial responsibility in the form of a certified insurance policy only after the driver has failed to satisfy a judgment for damages arising from a car accident within a reasonable time or when the driver has been convicted of certain traffic offenses. Bob-Boyd Lincoln Mercury v. Hyatt
(1987), 32 Ohio St.3d 300, 303, 513 N.E.2d 331. The Financial Responsibility Act does not require all persons who carry automobile insurance to comply with the mandates of the Act. R.C. § 4509.51 is triggered only when the insurance policy has been certified. There is no indication in the instant case that the Erie Ins. policy is a certified policy, and there is no reason for us to consider the implications of R.C. § 4509.51 in this appeal.
 {¶ 33} Furthermore, R.C. § 4509.55, which also deals with certified insurance policies in the context of the Financial Responsibility Act, states: "[a]ny policy which grants the coverage required for a motor-vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor-vehicle liability policy * * *." Despite Erie Ins.'s argument that liability coverage for "any auto" (which is the type of liability coverage Erie Ins. provided to Appellant) is not permitted by R.C. § 4509.51, it appears such coverage is permitted under R.C. § 4509.55 as coverage in excess of the requirements of R.C. § 4509.51.
 {¶ 34} Returning now to Appellant's arguments, we agree with Appellant that the first of his three prongs has been met. Appellant's motorcycle was covered by the liability provisions of the policy. Turning to the second prong of his argument, according to Appellant, former R.C. § 3937.18(A)(2) required insurers to offer their insureds UIM coverage, "in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage * * *." Appellant contends that Erie Ins. did not provide UIM coverage equivalent to the liability coverage of the policy, because the UIM section of the policy only covers autos that are specifically listed on the declarations page of the policy, whereas the liability provisions cover "any auto." Appellant asserts that, under former R.C. § 3937.18(A)(1), Erie Ins. was at least required to make an offer of UIM coverage that was equivalent in breadth and scope to the liability coverage, and that Erie Ins. was required to obtain a proper waiver or rejection letter if it did not provide the full equivalent UIM coverage. Appellant relies solely on the case of Riggs v.Motorist Mutual Ins. Co., 10th Dist. No. 02AP-876, 2003-Ohio-1657, in support of this reasoning.
 {¶ 35} Erie Ins. argues in rebuttal that even if the policy language is interpreted to include Appellant's motorcycle under the liability coverage portion of the policy, there are other reasons for concluding that Appellant is not entitled to UIM benefits as a matter of law. Primarily, there is an "other owned auto" exclusion contained in the policy. The version of R.C. §3937.18 that applies to the instant case, Am.Sub.H.B. No. 261, effective September 3, 1997, allowed insurers to exclude UM/UIM coverage for vehicles not specifically listed in the policy:
 {¶ 36} "(J) The coverages offered under division (A) of this section or selected in accordance with division (C) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:
 {¶ 37} "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured and underinsured motorist coverages are provided."
 {¶ 38} The policy contains the following "other owned auto" exclusion of UM/UIM coverage:
 {¶ 39} "This insurance does not apply:
 {¶ 40} "5. to bodily injury to anyone we protect while operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of you or a resident relative, if the motor vehicle is not specifically identified in the policy under which a claim is made * * *."
 {¶ 41} Appellant was the named insured on the policy, and his motorcycle is not one of the vehicles specifically identified in the policy. The accident occurred while Appellant was operating his own motorcycle, and the fact that this motorcycle was not listed as one of the covered vehicles appears to trigger the "other owned auto" exclusion.
 {¶ 42} Appellant responds by arguing that UIM coverage should arise as a matter of law in this case despite the "other owned auto" exclusion. Appellant acknowledges that R.C. § 3937.18(A)(2) allows for the possibility of an "other owned auto" exclusion. Appellant submits, though, that pursuant to R.C. § 3937.18(A)(1), an insurer must still make an offer of UIM coverage that is equivalent to the full breadth and scope of the liability coverage, and must get a proper waiver of full coverage in order to enforce the reduced coverage effected by an "other owned auto" exclusion. Under Appellant's view, the liability section of the policy covered "any auto," and Erie Ins. was first required to offer UIM coverage for "any auto" and was also required to obtain from Appellant a written waiver or rejection of coverage letter to implement the "other owned auto" exclusion.
 {¶ 43} Appellant's arguments are an extension of principles set forth in the Ohio Supreme Court cases of in Gyori v.Johnston Coca-Cola Bottling Group, Inc. (1996),76 Ohio St.3d 565, 669 N.E.2d 824, and Linko v. Indemn. Ins. Co. of N. Am.
(2000), 90 Ohio St.3d 445, 739 N.E.2d 338. Gyori established the rule that an insurer must provide a written offer of UM/UIM coverage in order for an insured to make a knowing and intelligent rejection of UIM coverage. Linko established that a meaningful offer of UM/UIM coverage must contain the following provisions: "a brief description of the coverage, the premium for that coverage, and an express statement of the UM/UIM coverage limits." Linko at 449, 739 N.E.2d 338. Appellant would like to extend the Linko holding to include, as an essential element of a valid offer of UM/UIM coverage, that the offer be equivalent in breadth and scope to the details of the underlying automobile liability coverage. As mentioned earlier, Appellant relies on theRiggs case as persuasive authority for this interpretation ofGyori and Linko.
 {¶ 44} Unfortunately for Appellant, the Riggs case was overruled by the Tenth District Court of Appeals, just a little more than a year after it was issued, in the case of Pearson v.Jurgens, 10th Dist. No. 03AP-1109, 2004-Ohio-252. In Pearson
the court stated: "we interpret the holding of Riggs to be no longer viable[.]" Id. at ¶ 6. In contrast, Erie Ins. cites a number of cases which have held, to one degree or another, that former R.C. § 3937.18 did not require an insurer's offer of UM/UIM coverage to be precisely coextensive with the underlying liability coverage. See Lumbermens Mut. Cas. Co. v. Xayphonh,
9th Dist. No. 21217, 2003-Ohio-1482; see also Wertz v. IndianaIns., 9th Dist. No. 21571, 2003-Ohio-5905; Shepherd v. Scott,
3rd Dist. No. 5-02-22, 2002-Ohio-4417; see also Florence v.Brown, 2nd Dist. No. 19847, 2004-Ohio-772. The Ohio Supreme Court had been scheduled to review the possible conflict betweenRiggs and Lumbermens Mut. Cas. Co. 12/8/2003 Case Announcements, 2003-Ohio-6510. The Supreme Court subsequently reversed the Riggs decision, and dismissed the previously certified conflict. In re Uninsured Underinsured MotoristCoverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888; Lumbermen'sMut. Cas. Co., 101 Ohio St.3d 1445, 2004-Ohio-345,802 N.E.2d 677. Riggs is no longer persuasive authority, even within the appellate district that released the opinion.
 {¶ 45} Appellant's attempt to create UIM coverage as a matter of law in this case would basically render R.C. § 3937.18(J)(1) meaningless. R.C. § 3937.18(J)(1), as contained in Am.Sub.H.B. 261, allows insurers to offer UIM coverage that excludes coverage for owned autos not specifically identified in the policy. R.C. §3937.18(J)(1) does not say that the insurer must first offer broader UIM coverage and then get permission from the insured to provide more limited coverage that excludes other owned autos not specifically listed in the policy. According to the statute, the insurer is simply permitted to exclude coverage for other owned autos when it offers UIM coverage, and the insured may take that offer or reject that offer.
 {¶ 46} Numerous courts have enforced "other owned auto" exclusions as permitted by the changes made to R.C. § 3937.18(J) arising from Am.Sub.H.B. 261. Weyda v. Pacific Employer's Ins.Co., 151 Ohio App.3d 678, 2003-Ohio-443, 785 N.E.2d 763, at ¶ 15; Adams v. Crider, 3rd Dist. No. 10-02-18, 10-02-19, 2004-Ohio-535; Dillon v. Spurlock, 9th Dist. No. 21471, 2003-Ohio-5777; Hall v. Kemper Ins. Cos., 4th Dist. No. 02CA17, 2003-Ohio-5457. We agree with the holdings of these cases, as well as the holdings of the Lumbermens Mut. Cas. Co. v.Xayphonh line of cases discussed earlier. The second and third prongs of Appellant's argument must fail, and we overrule Appellant's second and third assignments of error.
 {¶ 47} As earlier stated, in order to prevail in this matter, Appellant must be correct as to all three parts of his argument. For the reasons stated above, we reject Appellant's contention that UIM coverage arises as a matter of law in this case, and we hold that the "other owned auto" exclusion in the Erie Ins. policy prevents Appellant from receiving UIM benefits. There is no reversible error in this case. The judgment of the Columbiana County Court of Common Pleas is affirmed in full.
Donofrio, J., concurs.
Vukovich, J., concurs.