[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] This appeal involves only the defendant, Hartford Fire Insurance Company.
 DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court summary judgment in favor of Hartford Fire Insurance Company, defendant below and appellee herein.
 {¶ 2} Kelly A. Cooley, administrator of the Estate of Barbara S. Ratliff, plaintiff below and appellant herein, raises the following assignment of error:
"THE TRIAL COURT ERRED IN GRANTING DEFENDANT HARTFORD FIRE INSURANCE COMPANY'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AS BARBARA RATLIFF WAS OCCUPYING A `COVERED AUTO' UNDER THE TERMS OF THE POLICY ISSUED BY DEFENDANT HARTFORD AT THE TIME OF HER FATAL ACCIDENT."
 {¶ 3} On July 4, 2001, Barbara Ratliff suffered fatal injuries in an automobile accident while driving her personal automobile. At the time of the accident, Ratliff ostensibly was in the course and scope of her employment with THI of Ohio at Greenbriar South LLC.[2]
 {¶ 4} Appellee issued THI a commercial automobile liability policy that provided uninsured/underinsured (UM/UIM) coverage. The policy defines covered autos for UM/UIM coverage as "[o]nly those `autos' you own * * *." The policy contains a "Schedule of Covered Autos You Own," which identifies thirty-five vehicles but does not include Ratliff's personal vehicle. The policy extends liability coverage to "any auto."
 {¶ 5} On June 26, 2003, appellant filed a complaint against, inter alia, appellee seeking UM/UIM coverage under its policy. On June 30, 2004 appellee filed a summary judgment motion.[3]
The court denied appellee's summary judgment motion and determined that whether Ratliff was in the course and scope of employment presented a jury question.
 {¶ 6} On September 24, 2004, appellee filed a motion to reconsider. Appellee asserted that the trial court failed to address its argument that the insurance policy does not provide coverage even if Ratliff was in the course and scope of employment. Appellee contended that its contract unambiguously provides uninsured motorists coverage to "`[a]nyone occupying a covered auto or a temporary substitute for a covered auto.' A covered auto is one specifically identified in the contract on a `Schedule of Covered Autos You Own.'" Appellee asserted that Ratliff did not occupy a covered auto at the time of the accident.
 {¶ 7} In response, appellant asserted that because appellee failed to offer UM/UIM coverage in an amount equal to liability coverage, UM/UIM coverage arises by operation of law. Appellant argued that the coverages were not equal because the liability coverage extended to "any auto," while the UM/UIM coverage was limited to "owned autos only."
 {¶ 8} On December 1, 2004, the trial court overruled appellee's motion to reconsider. Appellee filed a "supplemental motion for summary judgment." Appellee repeated its earlier argument that Ratliff was not entitled to coverage because she was not occupying a covered auto. Appellee disputed appellant's claim that insuring different vehicles for UM/UIM purposes than those that are insured for liability coverage means that the coverages are not in equal amounts.
 {¶ 9} Appellant responded: "[T]he policy purports to limit UM/UIM coverage to Symbol 2 vehicles defined as `owned autos only.' The UM/UIM coverage is thus not equal to the liability coverage which is provided to Symbol 1 vehicles defined as `any autos.' Indeed, providing coverage to `any auto' is much broader than providing coverage only to `owned autos only.' Thus, UM/UIM coverage was not provided in an amount equal to the liability coverage. * * * [Appellee] has not demonstrated an express and knowing rejection of UM/UIM coverage which would otherwise provide coverage to `any auto,' and UM/UIM coverage arises by operation of law."
 {¶ 10} The trial court granted appellee summary judgment and determined that the policy required Ratliff to be occupying a covered auto at the time of the accident, and that because she had not occupied a covered auto, she was not entitled to UM/UIM coverage. Appellant filed a timely notice of appeal.
 {¶ 11} In her sole assignment of error, appellant asserts that the trial court improperly granted summary judgment in appellee's favor. She contends that because UM/UIM coverage arose by operation of law, the liability provisions control and under those provisions, Ratliff was an insured. Appellant claims that UM/UIM coverage arose by operation of law because by limiting UM/UIM coverage to "owned autos only," appellee did not offer UM/UIM coverage in an amount equal to liability coverage, which extended to "any auto." She asserts that appellee failed to show that the employer expressly and knowingly reduced UM/UIM coverage to cover "owned autos only."
 {¶ 12} Initially, we note that when reviewing a trial court's summary judgment decision, an appellate court conducts a de novo review. See, e.g., Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153; Morehead v. Conley (1991),75 Ohio App.3d 409, 411-12, 599 N.E.2d 786. Thus, in determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
 {¶ 13} Civ.R. 56(C) provides, in relevant part, as follows:
* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
 {¶ 14} Thus, a trial court may not grant summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164.
 {¶ 15} In the case sub judice, the parties do not dispute the facts. Instead, the issue is whether limiting UM/UIM coverage to "owned autos only," while extending liability coverage to "any auto" means that the insurer failed to offer UM/UIM coverage in an amount equal to liability coverage, as former R.C. 3937.18
required.
 {¶ 16} Former R.C. 3937.18 required insurers to offer UM/UIM coverage in "an amount * * * equivalent to the automobile liability * * * coverage." The insurer's failure to properly offer UM/UIM coverage resulted in UM/UIM coverage arising by operation of law. See Gyori v. Johnston Coca-Cola BottlingGroup, Inc. (1996), 76 Ohio St.3d 565, 669 N.E.2d 824; Abate v.Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161, 258 N.E.2d 429, paragraph two of the syllabus. In Riggs v. Motorists Mut. Ins.Co., Franklin App. No. 02AP-876, 2003-Ohio-1657, the plaintiff argued that the insurer failed to offer equal coverage when the liability coverage extended to "any auto," while UM/UIM coverage extended to "owned autos only." The court agreed with the plaintiff and stated that "the policy's application of UM/UIM coverage to `owned autos only' is not equal to the `any auto' coverage for liability purposes." Id. at ¶ 48. The court wrote:
"[W]here the parties to a commercial automobile insurance policy seek to limit UM/UIM coverage to owned autos only, and where former R.C. 3937.18 as interpreted in Linko is applicable to the facts of the case, on a motion for summary judgment the insurer must produce a brief description of the coverage, the premium for that coverage, and an express statement of the UM/UIM coverage limits in order to demonstrate a valid offer and rejection of UM/UIM limits equal to the limits of liability named in the policy. If the insurer fails to so demonstrate, UM/UIM coverage arises by operation of law."
Id. at ¶ 49.
 {¶ 17} Appellant urges us to apply the Riggs rationale. The Ohio Supreme Court, however, reversed Riggs in In re Uninsuredand Underinsured Motorist Coverage Cases, 100 Ohio St.3d 302,2003-Ohio-5888, 798 N.E.2d 1077. Additionally, other Ohio appellate courts have recognized Riggs' overruling. SeeNentwick v. Erie Ins. Co., Columbiana App. No. 03CO47,2004-Ohio-3635; Pearson v. Jurgens, Franklin App. No. 03AP-1109, 2004-Ohio-252.
 {¶ 18} In Nentwick, the court rejected the same argument that appellant raises in the case sub judice. In Nentwick, the policy limited UM/UIM coverage to those autos specifically listed on the declarations page of the policy, while the liability coverage extended to "any auto." The court first noted that the plaintiff's reliance upon Riggs was misplaced. The court explained:
"[T]he Riggs case was overruled by the Tenth District Court of Appeals, just a little more than a year after it was issued, in the case of Pearson v. Jurgens, 10th Dist. No. 03AP-1109, 2004-Ohio-252. In Pearson the court stated: `we interpret the holding of Riggs to be no longer viable[.]' Id. at ¶ 6. In contrast, Erie Ins. cites a number of cases which have held, to one degree or another, that former R.C. 3937.18 did not require an insurer's offer of UM/UIM coverage to be precisely coextensive with the underlying liability coverage. * * * Riggs
is no longer persuasive authority, even within the appellate district that released the opinion."
Id. at ¶ 44 (citations omitted).
 {¶ 19} Nentwick also noted that former R.C. 3937.18(J)(1) permitted insurers to "include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances: (1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured and underinsured motorist coverages are provided." The court concluded that the plaintiff's "attempt to create UIM coverage as a matter of law in this case would basically render R.C.3937.18(J)(1) meaningless. R.C. 3937.18(J)(1) * * * allows insurers to offer UIM coverage that excludes coverage for owned autos not specifically identified in the policy. R.C.3937.18(J)(1) does not say that the insurer must first offer broader UIM coverage and then get permission from the insured to provide limited coverage that excludes other owned autos not specifically listed in the policy. According to the statute, the insurer is simply permitted to exclude coverage for other owned autos when it offers UIM coverage, and the insured may take that offer or reject that offer."
Id. at ¶ 45; see, also, Lumbermens Mut. Cas. Co. v. Xayphonh,
Summit App. No. 21217, 2003-Ohio-1482 (rejecting the argument that UM/UIM coverage must be equivalent in substance to the liability coverage).
 {¶ 20} We agree with the reasoning in Nentwick. We additionally note that former R.C. 3937.18 required insurers to offer UM/UIM coverage in an amount equal to the liability coverage. Nothing in the statute required the insurer to offer UM/UIM coverage that contained precisely the same terms and conditions as the liability coverage.
 {¶ 21} Thus, we conclude that limiting UM/UIM coverage to "owned autos only," while extending liability coverage to "any auto," does not result in the conclusion that the insurer failed to offer equal coverages. Therefore, we reject appellant's argument that UM/UIM coverage arose by operation of law.
 {¶ 22} Because appellant does not dispute that Ratliff was not occupying a covered auto as defined under the UM/UIM policy provisions, and because those are the provisions that control, we agree with the trial court's conclusion that Ratliff was not entitled to UM/UIM coverage under appellee's policy.
 {¶ 23} Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed. The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, P.J. Kline, J.: Concur in Judgment Opinion.
[2] The trial court determined that whether Ratliff was in the course and scope of employment at the time of the accident presented a jury question and neither party argues the issue on appeal.
[3] While the docket sheet indicates that appellee indeed filed this motion, the motion is not contained in the record transmitted on appeal.