JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal by Motorists Mutual Insurance Company ("Motorists") from an order of Judge Timothy McCormick that granted summary judgment to Kathleen Lapeus and her three minor daughters on their claims for uninsured/underinsured motorists ("UIM") coverage arising from the death of Mrs. Lapeus's mother, Margaret Young. Motorists contends that the September 2000 amendment to R.C. 3937.18 precludes coverage because the decedent was not a resident relative and, therefore, not an "insured" under the Lapeuses' policy. The Lapeuses counter that the law in effect at the origination date of their policy remains binding for a two-year period and Motorists cannot prematurely interrupt the protection provided by R.C 3937.31(A). We affirm.
 {¶ 2} On December 18, 2000, as a result of the negligence of Steven Hubbard, Margaret Young died from injuries she sustained in an auto accident in Solon. Her surviving spouse, William Young, as executor for her estate, settled with Hubbard's liability carrier for his policy limits.[1] He then brought UIM claims against Cincinnati Insurance Company and Nationwide Insurance Company and, when the claim(s) went into suit, was joined by his daughter and granddaughters who claimed benefits under Mrs. Lapeus's Motorists automobile liability policy. The Lapeuses asserted that, under Moore v. State Auto. Mut. Ins. Co.,[2] they were entitled to damages they suffered because of the death of Mrs. Lapeus's mother, and that the amended versions of R.C. 3937.18 and 3937.31 did not preclude their claims.
 {¶ 3} Motorists issued its first policy to James and Kathleen Lapeus on October 1, 1993, and provided UIM coverage of $100,000 per person, $300,000 per accident. Although the declarations page provided for a policy period of only six months, under R.C. 3937.31(A) in effect at that time, the policy is guaranteed for a two-year period.
 {¶ 4} Motorists contended that, by amending R.C. 3937.18, the legislature has authorized carriers to restrict UIM coverage to only those persons who are insureds under a policy, and who actually sustain bodily injury. Because the Lapeuses' policy was renewed on October 1, 2000, after the effective date of the amendment, the restrictive language authorized by the amendment, and present in its policy since 1997, excluded UIM claims arising out of injury/death to a non-resident of the Lapeus household.
 {¶ 5} The judge, however, found that the most recent mandatory two-year policy period under R.C. 3937.31(A) began in 1999 and that, citing Wolfe v. Wolfe,[3] the policy could not be modified until that period expired. He granted partial summary judgment to the Lapeuses, and the parties have stipulated to damages. All other claims have been settled or dismissed. Motorists asserts a single assignment of error on appeal, which is included in Appendix A to this opinion.
 {¶ 6} Motorists contends that Sub.S.B. No. 267, which amended R.C.3937.18 to prohibit Moore claims, authorized its policy provisions that expressly restrict such coverage and that, through amended R.C. 3937.31(E), those provisions become enforceable on the policy's first renewal after September 21, 2000.
 {¶ 7} We review a motion for summary judgment de novo using the same standard as the trial judge, which requires a grant of the motion if there is no dispute of material fact and the moving party is entitled to judgment as a matter of law.[4] The essential facts are not disputed here, and the parties have presented us with a narrow legal question. InMoore, supra, the Ohio Supreme Court held that claims such as those asserted here could go forward because the version of R.C. 3937.18(A) then in effect did not unambiguously limit the requirement of UIM coverage to bodily injury incurred only by insureds.[5] Therefore, policy language restricting UIM coverage to only insureds' bodily injury/death was unlawful because it provided less coverage than required under R.C. 3937.18.[6]
 {¶ 8} In Wolfe, supra, the Ohio Supreme Court held that the two-year policy period of R.C. 3937.31(A) required that "every automobile liability insurance policy issued in this state must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C.3937.30 to 3937.39."[7] The parties agree that, under Wolfe, the relevant "policy period" began on October 1, 1999.
 {¶ 9} The legislature acted to correct the ambiguity found inMoore, by amending R.C. 3937.18(A) and, at the same time, amending R.C.3937.31(A) to differentiate the two-year guaranteed renewal period from the definition of "policy period," and added language at R.C. 3937.31(E), which stated:
"Nothing in this section prohibits an insurer from incorporating into apolicy any changes that are permitted or required by this section or othersections of the Revised Code at the beginning of any policy period withinthe two-year period set forth in division (A) of this section."
 {¶ 10} The new versions of these statutes went into effect on September 21, 2000,[8] and the parties agree that, under the amended version of R.C. 3937.31, the October 1, 2000 policy renewal began a new "policy period."
 {¶ 11} The judge ruled that, because a two-year policy period began on October 1, 1999, under the Wolfe rule, the amended statutes could not affect the Lapeuses' policy until October 1, 2001, despite the express statement in amended R.C. 3937.31 allowing insurers to "incorporate" statutory changes prior to the expiration of the two-year period. The Lapeuses contend that the judge correctly interpreted the statute because the construction sought by Motorists would have retroactive effect and would impair the obligation of contracts, in violation of rules of statutory construction and Section 28, Article II of the Ohio Constitution.
 {¶ 12} Constitutional questions should be avoided if an issue can be resolved on other grounds,[9] and a constitutional issue of retroactivity does not arise unless the legislature clearly expresses an intent to so apply a statute.[10] We can avoid Constitutional analysis here because the amended version of R.C. 3937.31 does not indicate a retroactive intent, and Motorists does not contend that one exists. Instead, it claims the statute does not apply retroactively because it applies only to "policy periods" that begin after its effective date. We disagree with this analysis because, in order to reach such a conclusion, one must apply the definition of "policy period" adopted in the amended statute.
 {¶ 13} R.C. 1.58(A)(1) states that statutory amendments do not "[a]ffect the prior operation of the statute or any prior action taken thereunder." R.C. 1.58(A)(2) states that such amendments do not "[a]ffect any validation, cure, right, privilege, obligation or liability previously acquired, accrued, accorded, or incurred thereunder." The version of R.C. 3937.31 analyzed in Wolfe defined "policy period" as the two-year period within which the policy must be guaranteed renewable,[11]
and it was this two-year period the Wolfe court found applicable in determining when the policy could be altered by statutory amendments.[12]
Therefore, on October 1, 1999, R.C. 3937.31(A) defined Mrs. Lapeus's "policy period" as two years, extending through October 1, 2001.
 {¶ 14} The amended version of R.C. 3937.31(A) redefines the phrase "policy period" to include terms less than two years, and refers to the two-year term of guaranteed renewability as simply a "period." Therefore, the amended statute, if applied here, would affect the prior operation of the statute and divest rights previously accrued by omitting the two-year guaranteed "policy period" that vested on October 1, 1999. Such a construction would be retroactive and would violate R.C. 1.58(A)(1) and (2).[13] Under R.C. 1.58, the earliest date at which the amended versions of R.C. 3937.18 and 3937.31 could be "incorporated" into the policy was October 1, 2001.
 {¶ 15} Because Motorists' 1999 UIM policy, in violation of R.C.3937.18, unlawfully restricted who was entitled to such coverage, the 1999 statutory law controls the rights and duties of the insureds and the carrier during the contract period.[14] The assignment of error is overruled.
 {¶ 16} The judgment is affirmed.
Judgment affirmed.
"I. The trial court erred in granting in part plaintiffs' motion forsummary judgment and in denying in part defendant motorists mutualinsurance company's motion for summary judgment and in declaring thatplaintiffs are entitled to underinsured motorist coverage under theirautomobile liability insurance policy issued by defendant motoristsmutual insurance company."
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Patricia A. Blackmon, P.J., and Timothy E. Mcmonagle, J., concur.
[1] The probate court allocated the entire $500,000 to Mr. Young.
[2] 88 Ohio St.3d 27, 2000-Ohio-264, 723 N.E.2d 97.
[3] 88 Ohio St.3d 246, 2000-Ohio-322, 725 N.E.2d 261.
[4] Civ.R. 56(C); Bonacorsi v. Wheeling Lake Erie Ry. Co.,95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, at ¶ 24.
[5] Moore, syllabus.
[6] Id., 88 Ohio St.3d at 32-33.
[7] Wolfe, at paragraph one of the syllabus.
[8] Sub.S.B. No. 267, 148 Ohio Laws, Part V, 11380, 11387.
[9] Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100,105, 522 N.E.2d 489.
[10] Id. at 106.
[11] Wolfe, 88 Ohio St.3d at 248.
[12] Id. at 250.
[13] See, e.g., Nokes v. Nokes (1976), 47 Ohio St.2d 1, 9, 1 O.O.3d 1,351 N.E.2d 174 (child support order unaffected by later statutory amendment reducing age limit); Wiest v. Wiest (Mar. 10, 2000), Darke App. No. 1498 (same).
[14] Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281,1998-Ohio-381, 695 N.E.2d 732.