JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, State Farm Insurance Co., appeals the trial court granting plaintiffs'[1] motion for summary judgment[2] and thereby determining that defendant had to provide uninsured/underinsured ("UM/UIM") motorist coverage to plaintiff, Tama Storer.
 {¶ 2} On February 26, 2003, Tama Storer was involved in a motor vehicle accident. The vehicle that struck and injured plaintiff was driven by tortfeasor, Harold Sharp. At the time of the accident, plaintiffs had a personal liability umbrella policy issued by defendant. The policy did not offer UM/UIM coverage.
 {¶ 3} With defendant's consent, plaintiffs settled with the tortfeasor and then filed suit against defendant seeking UM/UIM coverage under their own policy. Both parties filed motions for summary judgment on the issue of whether UM/UIM coverage arose from the policy by operation of law.
 {¶ 4} Deciding that plaintiff was entitled to UM coverage as a matter of law, the trial court granted plaintiffs' motion for summary judgment. Thereafter, defendant filed this timely appeal, in which it presents one assignment of error:
 {¶ 5} THE TRIAL COURT ERRED IN RULING THAT PLAINTIFFS-APPELLEES ARE ENTITLED TO UNDERINSURED MOTORIST COVERAGE BY "OPERATION OF LAW" FROM THE UMBRELLA POLICY ISSUED TO THEM BY DEFENDANT-APPELLANT, STATE FARM.
 {¶ 6} According to defendant, when the accident occurred on February 26, 2003, Ohio law did not require any insurer to offer UM/UIM coverage to its insureds. Since it was not required to offer UM/UIM coverage, defendant argues, such coverage could not arise by operation of law and, therefore, the trial court erred when it granted plaintiffs' motion for summary judgment.[3]
 {¶ 7} "This court reviews the lower court's grant of summary judgment de novo. Piciorea v. Genesis Ins. Co., Cuyahoga App. No. 82097, 2003-Ohio-3955, ¶ 8. Summary judgment is appropriate when, if the evidence is construed most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Id., citing Zivich v. MentorSoccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201; see, also, Civ.R. 56(C)." Whitev. Lawler, Cuyahoga App. No. 85199, 2005-Ohio-3835, ¶ 5.
 {¶ 8} "For the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmers Ins. Group of Cos. (1998),82 Ohio St.3d 281, 289, 1998-Ohio-381, 695 N.E.2d 732. Further, when an insurance policy is renewed, the date of the renewal determines the law that was in effect at that time. Wolfe v. Wolfe (2000),88 Ohio St.3d 246, 2000-Ohio-322, 725 N.E.2d 261, syllabus;Dalton v. Wilson, Franklin App. No. 01AP-1014, 2002-Ohio-4015, ¶ 20.
 {¶ 9} In Ohio, in order to calculate the effective date of an insurance policy, we refer to R.C. 3937.31(A), which requires each policy to be effective for successive two-year periods unless the parties agreed to modify that provision in conformity with R.C. 3937.30 to 3937.39. Dalton, ¶ 19, citing Wolfe, at syllabus. Accordingly, the effective date of an insurance policy is determined by counting successive two-year periods forward from the original issuance date of the policy. Dalton, ¶ 19, citing Wolfe at 250.
 {¶ 10} In the case at bar, the subject policy was first purchased on September 18, 1987. At that time, R.C. 3937.31(A) was in effect. The parties agree that they never altered the statute's successive two-year requirement. Accordingly, when we count successively two years forward from September 18, 1987, we conclude that the last effective date of plaintiff's renewed policy was September 18, 2001, the last policy period before plaintiff's accident on February 26, 2003. The September 18, 2001 policy would have ended on September 18, 2003, several months after the accident.
 {¶ 11} Once the effective policy date is determined, R.C.3937.18 then governs what obligation an insurance company has with regard to UM/UIM coverage. On September 18, 2001, the 2000 version of R.C. 3937.18(A)[4] was in effect. The statute required insurers to make an express offer of UM/UIM coverage within their policies. Gyori v. Johnston Coca-Cola BottlingGroup, Inc. (1996), 76 Ohio St.3d 565, 568, 1996-Ohio-358,669 N.E.2d 824. The statute further "required insurers to offer UM/UIM coverage in `an amount * * * equivalent to the automobile liability * * * coverage.' The insurer's failure to properly offer UM/UIM coverage resulted in UM/UIM coverage arising by operation of law." Cooley v. THI of Ohio at Greenbriar S. LLC,
Scioto App. No. 05CA2989, 2006-Ohio-221, ¶ 16, citing Gyori.
 {¶ 12} In Linko v. Indemnity Ins. Co. (2000),90 Ohio St.3d 445, 450, 2000-Ohio-92, 739 N.E.2d 338,[5] the Ohio Supreme Court determined that "whether coverage was offered * * * should be apparent from the contract itself." The written offer must "inform the insured of the availability of UM/UIM coverage, set forth the premium for UM/UIM coverage, include a brief description of the coverage, and expressly state the UM/UIM coverage limits in its offer." Id., at 447-448.
 {¶ 13} In the case at bar, defendant admits that plaintiffs' September 18, 2001 policy does not include an express offer of UM/UIM coverage. According to defendant, however, the 2001 policy is not the relevant policy in this case. For defendant, the only relevant policy is plaintiffs' renewal policy dated September 18, 2002. Defendant argues that
[o]n September 21, 2000, S.B. 267 took effect, amending R.C. 3937.[31(E)] to supersede the Wolfe v. Wolfe decision, (2000),88 Ohio St.3d 246. Pursuant to S.B. 267, each renewal of an insurance policy is now deemed to be a new contract of insurance so that new statutory changes will now take effect at the time of each new renewal of the policy, regardless of the two-year guarantee period.
 {¶ 14} Defendant's Brief on Appeal, at 6. Defendant further argues that, when R.C. 3937.18 was amended on October 31, 2001, it no longer permitted UM/UIM coverage to arise by operation of law. Thus as a result of S.B. 267, the amended version of R.C.3937.18 is incorporated into plaintiffs' September 18, 2002 renewal policy and, therefore, UM coverage cannot arise by operation of law to cover plaintiff's accident in February 2003. We reject defendant's arguments.
 {¶ 15} As noted by this court in Young v. Cincinnati Ins.Co., 8th App. No. 82395, 2004-Ohio-54, a policy cannot be amended to reflect statutory changes that occur during the guaranteed two-year period; an amendment does not take effect until the expiration of that two-year period. R.C. 3937.31(A);Shay v. Shay, Fulton App. No. F-05-008, 2005-Ohio-5874; Slonev. Allstate Ins. Co., Richland App. No. 2004CA0021, 2004-Ohio-3990.
 {¶ 16} So, even though plaintiffs' policy was renewed on September 18, 2001, S.B. 267, which became effective on September 21, 2000, would not change the terms of that 2001 policy, because the law did not change until October 31, 2001, when R.C. 3937.18
was amended. There were no material changes to the statute until October 2003. And, by that date, plaintiffs' policy had already renewed for another guaranteed two-year term: September 18, 2001 to September 18, 2003. The subject accident occurred during the two-year period when the law still permitted UM coverage to arise by operation of law from a policy that did not expressly offer such coverage.
 {¶ 17} We know that in this case defendant admits it did not make an offer of UM/UIM coverage in plaintiff's September 2001 policy. Accordingly, the trial court did not err in granting plaintiff's motion for summary judgment and determining that UM coverage arose by operation of law under the 2001 policy. Defendant's sole assignment of error is overruled.
Judgment accordingly.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and MCMonagle, J., concur.
[1] Plaintiffs include Tama Storer and her husband, Gerald E. Storer.
[2] State Farm's own motion for summary judgment was denied.
[3] When the trial court granted plaintiffs' motion, it entered the following journal entry:
05/16/2005 P JE PLAINTIFF(S) TAMA STORER(P1) AND GERALD E. STORER(P2) PLTFS' MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT INSTANTER, AND MOTION FOR SUMMARY JUDGMENT. . . . . . . . . MATTHEW A LAING 0059197, FILED 06/18/2004, IS GRANTED. THE MOTION FOR SUMMARY JUDGMENT IS DEEMED FILED AS OF 06/18/04. THE COURT FURTHER GRANTS PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENIES DEFENDANT'S MOTION FOR SUMMARY JUDGMENT. THE COURT FINDS THAT THE UMBRELLA POLICY, SIGNED SEPTEMBER 18, 2001, CALLED FOR A GUARANTEED TWO-YEAR POLICY PERIOD DURING WHICH STATE FARM WAS PRECLUDED FROM ALTERING THE AMOUNT OF THE POLICY LIMITS IN THE UMBRELLA EXCEPT BY AGREEMENT OF THE PARTIES. THE COURT FINDS THAT THE PARTIES NEVER AGREED TO ALTER THE POLICY LIMITS. THE COURT FURTHER FINDS THAT SB 97 (ENACTED OCTOBER 31, 2001) DOES NOT APPLY TO THE TWO-YEAR GUARANTEED RENEWAL POLICY THAT PLAINTIFF SIGNED SEPTEMBER 18, 2001, SIX WEEKS PRIOR TO THE BILL BEING ENACTED. BECAUSE SB 97 DOES NOT APPLY TO PLAINTIFF'S POLICY, THE REQUIREMENTS OF LINKO V. INDEMN. INS. CO. OF N AMERICA (2000) 90 OHIO ST. 3D 445, MUST BE MET IN ORDER TO EFFECTIVELY REJECT UM/UIM COVERAGE. THE COURT FINDS THAT THE POLICY ISSUED BY DEFENDANT STATE FARM AND SIGNED BY THE PLAINTIFF'S [sic] ON SEPTEMBER 18, 2001, DID NOT MEET THE LINKO REQUIREMENTS. AS SUCH, THERE WAS NO EFFECTIVE REJECTION OF UM/UIM COVERAGE. THEREFORE, UM/UIM IS PROVIDED BY OPERATION OF LAW. THE COURT HEREBY GRANTS PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENIES DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE UM/UIM COVERAGE EXISTED AS AN OPERATION OF LAW AT THE TIME OF THE ACCIDENT ON FEBRUARY 26, 2003. THIS IS A FINAL APPEALABLE ORDER. THERE IS NO JUST CAUSE FOR DELAY. THE COURT WILL, HOWEVER, CONDUCT A SETTLEMENT CONFERENCE ON 05/13/05 AT 10:30 AM. ALL PARTIES WITH FULL SETTLEMENT AUTHORITY MUST BE PRESENT. BOOK 3329 PAGE 0754 05/16/2005 NOTICE ISSUED.
[4] In 2000, R.C. 3937.18(A) stated, in part, as follows:
No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both [uninsured motorist coverage and underinsured motorist coverage] are offered to persons insured under the policy for loss due to bodily injury or death suffered by such insureds.
* * *
HISTORY: 131 v. 965 (Eff 9-15-65); 132 v. H 1 (Eff 2-21-67); 133 v. H 620 (Eff 10-1-70); 136 v. S 25 (Eff 11-26-75); 136 v. S 545 (Eff 1-17-77); 138 v. H 22 (Eff 6-25-80); 139 v. H 489 (Eff 6-23-82); 141 v. S 249 (Eff 10-14-86); 142 v. H 1 (Eff 1-5-88); 145 v. S 20 (Eff 10-20-94); 147 v. H 261 (Eff 9-3-97); 148 v. S 57 (Eff 11-2-99); 148 v. S 267 (Eff 9-21-2000); 149 v. S 97. Eff 10-31-2001.
[5] The decisional law in Linko was superseded by amendments to R.C. 3937.18, effective October 31, 2001. See, Burton v.Allstate Ins. Co., Butler App. No. CA2004-10-247,2005-Ohio-5291, ¶ 12.