DECISION ON MOTION TO CERTIFY
{¶ 1} Pursuant to App. R. 25, appellant, Jack R. Advent, as executor of the estate of Valijean D. Advent ("appellant"), moves this court for an order certifying to the Ohio Supreme Court a conflict between our October 24, 2006 opinion in Advent v. Allstate Ins. Co., Franklin App. No. 06AP-103, 2006-Ohio-5522, and the opinion of the Eighth Appellate District in Storer v. Sharp, Cuyahoga App. No. 86525, 2006-Ohio-1577. Appellee, Allstate Insurance Company ("Allstate"), opposes appellant's motion.
 {¶ 2} Section 3(B)(4), Article IV, Ohio Constitution vests in the courts of appeals of this state the power to certify the record of a case to the Ohio Supreme Court for review and final determination "[w]henever the judges * * * find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state[.]" In Whitelock v. GilbaneBldg. Co. (1993), 66 Ohio St.3d 594, 596, the Ohio Supreme Court set forth the standard for courts of appeals to use when ruling on a motion to certify:
 * * * [A]t least three conditions must be met before and during the certification of a case to this court * * * First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law-not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals. * * *
Before certification to the Supreme Court, there must exist an actual conflict between appellate judicial districts on a rule of law. Id., paragraph one of the syllabus. However, as this court has noted, "`there is no reason for a Court of Appeals to certify its judgment as conflicting with that of another Court of Appeals where * * * the point upon which the conflict exists had no arguable effect upon the judgment of the certifying court.'" Penrod v. Ohio Dept. of Adm. Servs., Franklin App. No. 04AP-1118, 2005- Ohio-6611, at ¶ 4, quoting Pincelli v. OhioBridge Corp. (1966), 5 Ohio St.2d 41, 44.
 {¶ 3} Appellant proposes the following question for certification to the Supreme Court:
 Can the S.B. 97 amendments to R.C. 3937.18 be incorporated into an insurance policy during a two-year Wolfe [v. Wolfe (2000), 88 Ohio St.3d 246] guarantee period that commenced subsequent to the S.B. 267 amendments to R.C. 3937.18 and R.C. 3937.31, but prior to the S.B. 97 amendments?
 {¶ 4} Both Advent and Storer involve claims for uninsured/underinsured motorist coverage. The relevant two-year guarantee period for the insurance policy at issue in Advent commenced on March 12, 2001, after the effective date of S.B. No. 267 but prior to the effective date of S.B. No. 97. Likewise, in Storer, the relevant two-year guarantee period for the insurance policy began on September 18, 2001, after the effective date of S.B. No. 267, but prior to the effective date of S.B. No. 97. Accordingly, at the commencement of the relevant guarantee periods, the S.B. No. 267 versions of the insurance statutes governed the scope of the polices in both Advent and Storer. As part of S.B. No. 267, the General Assembly added subsection (E) to R.C. 3937.31, which provides that "[n]othing in this section prohibits an insurer from incorporating into a policy any changes that are permitted or required by this section or other sections of the Revised Code at the beginning of any policy period within the two-year [guarantee] period[.]" In bothAdvent and Storer, after the effective date of S.B. No. 97, the insurance policies were renewed for new policy periods within the applicable two-year guarantee periods.
 {¶ 5} Central to the judgment in both Advent and Storer was the question of whether an insurer may incorporate the S.B. No. 97 amendments to R.C. 3937.18 into a policy when the policy renews during a two-year guarantee period that commenced after the effective date of S.B. No. 267. Allstate agrees with appellant that this was the ultimate issue in both cases.
 {¶ 6} In Storer, the Eighth Appellate District rejected the insurer's argument that, as a result of S.B. No. 267, the S.B. No. 97 changes to R.C. 3937.18 could be incorporated into a renewal policy before the beginning of a new two-year guarantee period. Despite a policy renewal after the effective date of S.B. No. 97, the court held that "a policy cannot be amended to reflect statutory changes that occur during the guaranteed two-year period[.]" Id. at ¶ 15, citing Young v. CincinnatiIns. Co., Cuyahoga App. No. 82395, 2004-Ohio-54.
 {¶ 7} Here, in Advent, we rejected the Eighth Appellate District's reasoning in Storer and reached the opposite conclusion. We concluded that S.B. No. 267, with its amendment of R.C. 3937.31 to include subsection (E), expressly permitted Allstate to incorporate statutory changes into its policy at the beginning of a renewal policy period within the two-year guarantee period. Accordingly, contrary to theStorer opinion, we held that Allstate could incorporate the statutory changes brought about by S.B. No. 97 into its policy at the commencement of a new policy period within the two-year guarantee period.
 {¶ 8} In opposing certification, Allstate contends that it is not clear from the Storer opinion that the judgments in Advent andStorer conflict. Allstate attempts to distinguish Storer based on the lack of discussion in Storer as to whether the insurer took steps to incorporate the S.B. No. 97 changes into the policy. Allstate claims that it is unclear from the Storer opinion whether the court's judgment would have been the same had it undertaken such consideration. We disagree. While Allstate is correct that this court considered the steps Allstate took to incorporate the S.B. No. 97 changes into its policy, such consideration was necessitated only by our conclusion that an insurer was permitted to incorporate the S.B. No. 97 amendments into the policy before the commencement of a new two-year guarantee policy. To the contrary, whether or not the insurer in Storer acted to incorporate the S.B. No. 97 changes into its policy, the Eighth Appellate District concluded that an insurer could not incorporate such changes until the beginning of a new guarantee period. Thus, it is clear from the opinion in Storer that consideration of the issue identified by Allstate would not have altered the Eighth Appellate District's judgment.
 {¶ 9} Upon review, we agree with appellant that our judgment inAdvent conflicts with the Eighth Appellate District's judgment inStorer on the same question of law and that the cases are not distinguishable on their facts. Consequently, we certify the present case as being in conflict with the opinion of the Eighth Appellate District in Storer, on the following question:
 Can the S.B. No. 97 amendments to R.C. 3937.18 be incorporated into an insurance policy during a two-year guarantee period that commenced subsequent to the S.B. No. 267 amendments to R.C. 3937.18 and R.C. 3937.31, but prior to the S.B. No. 97 amendments?
 {¶ 10} For the foregoing reasons, we grant appellant's motion to certify, and we certify the above-stated question to the Ohio Supreme Court for resolution of the conflict pursuant to Section 3(B)(4), Article IV, Ohio Constitution.
Motion to certify conflict granted.
 BRYANT and TRAVIS, JJ., concur.