{¶ 1} Appellant, Risa Dunn-Halpern ("Dunn-Halpern"), appeals the trial court's decision, which granted summary judgment in favor of appellees, Steven and Deborah Derin ("the Derins"). After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} On January 31, 2003, Dunn-Halpern filed a civil complaint against the Derins, which involved the purchase of residential property located on Bryce Road in Pepper Pike, Ohio. In her complaint, Dunn-Halpern alleged that when she and her husband, Scott Halpern, ("the Halperns") purchased the Bryce Road property in July 2002, the Derins intentionally, recklessly, and/or negligently failed to disclose mold damage that was present throughout the house. Dunn-Halpern argued that the Derins' failure to disclose this known defect constituted fraud, effectively rescinding the purchase contract.
 {¶ 3} In addition to suing the Derins, Dunn-Halpern also sued her home inspector, MAC Home Inspectors, Inc. ("MAC"), as well as the Derins' real estate agent, Terry Young, and his employer, Remax Premiere Properties, Inc. The claims asserted against Young and Remax were ultimately dismissed.
 {¶ 4} On March 31, 2006, the Derins filed a motion for summary judgment against Dunn-Halpern asserting that they did not have prior knowledge of the mold damage; therefore, they did not conceal defects. Dunn-Halpern filed a motion in *Page 4 
opposition, and on May 30, 2006, the trial court granted the Derins' motion for summary judgment. It is from that decision that Dunn-Halpern appeals.
 {¶ 5} The incidents that gave rise to the present case began in the spring of 2002. During that time, the Halperns were looking to purchase a new house, and the Derins were selling their Bryce Road property. In May or June 2002, Scott Halpern first visited the Bryce Road property to determine whether he and his wife would be interested in purchasing it. During his first visit, he spent 15 minutes walking through the house. He returned for second and third visits, and each time he spent roughly 30 minutes walking freely throughout the house. Similarly, Dunn-Halpern visited the Bryce Road property several times and was able to walk through the house unrestricted.
 {¶ 6} In July 2002, the Halperns determined that they wanted to purchase the property and executed a purchase agreement. Pursuant to the terms of the purchase agreement, the Halperns hired MAC to inspect the property for defects. After a thorough inspection, MAC issued a report finding the house free of any water or mold damage.
 {¶ 7} After the Halperns finalized the purchase, they began renovations, which uncovered substantial mold growth throughout the house. Although the house had been inspected, mold was discovered in discrete and inaccessible areas, such *Page 5 
as under wallpaper and baseboards, where it would not have been visible to inspectors.
 {¶ 8} Dunn-Halpern brings this appeal, asserting one assignment of error:
 {¶ 9} "I. The trial court erred by granting appellee's motion for summary judgment."
 {¶ 10} Dun-Halpern argues that the trial court erred when it granted summary judgment in favor of the Derins. More specifically, she asserts that the extensive mold growth throughout the property indicated severe water damage, which the Derins failed to disclose. She contends that the Derins' intentional concealment of known defects constituted fraud, making summary judgment improper. We disagree.
 {¶ 11} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327, 364 N.E.2d 267. *Page 6 
 {¶ 12} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 13} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of therecord which demonstrate the absence of a genuine issue of fact ormaterial element of the nonmoving party's claim.''' Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 14} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the *Page 7 
standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990), 71 Ohio App.3d 46, 50,593 N.E.2d 24; Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741,607 N.E.2d 1140.
 {¶ 15} In McClintock v. Fluellen, Cuyahoga App. No. 82795,2004-Ohio-54, this court held that a homeowner may not intentionally conceal known defects from a buyer; and in the event that a homeowner does so, their actions will constitute fraud. The holding inMcClintock also states that in order to sustain a cause of action on the basis of fraud, the movant must show (1) a material false representation or a concealment, (2) knowingly made or concealed, (3) with the intent of misleading another into relying upon it, (4) justifiable reliance upon the representation or concealment by the party claiming injury, and (5) injury resulting from the reliance.
 {¶ 16} It is clear that the Derins' actions were not fraudulent. They were under a duty to disclose all known defects to the Halperns; however, the evidence strongly suggests that they were completely unaware of any mold damage when they sold their house. Mold growth did not appear on any visible surface of the house that would have alerted them to a problem, and the home inspection did not uncover any evidence of mold or water damage. The mold damage was only discovered after the *Page 8 
Halperns removed wallpaper, baseboards, and a section of the roof as part of an extensive renovation project.
 {¶ 17} Dunn-Halpern argues that the Derins intentionally concealed water damage that led to the mold growth; however, she has not provided any evidence in support of that conclusion. The facts strongly indicate that the Derins did not know mold was growing in their house, nor did they conceal extensive water damage that could have caused mold damage.
 {¶ 18} It is clear that no genuine issue of material fact remains with respect to the liability of the Derins, and the trial court did not err when it granted summary judgment in their favor. Accordingly, Dunn-Halpern's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE *Page 9 
 COLLEEN CONWAY COONEY, J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1